PAID
FEB 20 2025
CLERK, U.S. DISTRICT COURT
COURT 4612 DEN

Maha Visconti, Pro Per
Fraudulently hostage at CCWF,
PO BOX 1501, Chowchilla, CA 93610
Email: Lmviscontifiles2023@gmail.com

FILED
2025 FEB 20 PM 12:08
LOS ANGELES
BY: ____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ALBERT GREGORY PINTO
(PLAINTIFF / CROSS-DEFENDANT)
(Dolly GEE Judge)

Vs.

MAHA VISCONTI
(DEFENDANT / CROSS-COMPLAINANT)

Case No. CV25-1454-FMO(BFMx)

[SUPERIOR State Court Case No 21STCV25467]

MANDATORY NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C 1443, 1446 and 1441(b)

[Related Case No. 1:24-CV-02113
Pending in Washington, D.C
U.S. District Court]

PLEASE TAKE NOTICE THAT: Maha Visconti ("Defendant / Cross complainant") in this action of which the ("Plaintiff / Cross-Defendant") Albert Gregory Pinto is a resident of Washington DC removed this case as per Code 28 U.S.C § 1443, 1446 and 1441(b)

TO THE CLERK OF THE COURT OF THE ABOVE - ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant and Cross-Complainant Maha Visconti, who is the filer of this Notice of Removal, of which Albert Gregory Pinto is a resident of Washingtion removes to this Court the State Court action described below since this is a related case to a pending case before this Court's Jurisdiction in the District of Colombia, case No 1:24-CV-02113 before the Honorable Judge Jia M Cobb, and Plaintiff/Cross-Defendant is a resident of this District with a Bar License still active with the State of Colombia who was the prior phony Divorce attorney of Maha Visconti who used his state Bar licence in District of Colombia to cheat, defraud and rock the life of Maha Visconti and her Tax Petition that was pending before the District of Colombia Tax Court in Washington DC and most importantly both parties in this action are not nor have been residents of Los Angeles county nor

Santa Monica's are for at least 4 years.

PLEASE TAKE FURTHER NOTICE that this Notice of Removal case' proceedings will also be consolidated with Currently pending action filed by Maha Visconti as a Plaintiff in Case No 1:24-CV-0213 suing Defendant Albert Gregory Pinto for malpractice and various causes of actions directly related to this removal of action, of which the pending related case is involving a Federal agency and agents as well.

1. On July 12, 2021, Cross-Defendant and Albert Gregory Pinto filed a complaint case No 21STCV25467 in Superior State Court of California at Stanley Mosk Courthouse in Downtown Los Angeles not Santa Monica that is attached hereto as Exhibit "A" titled Albert Gregory Pinto Vs. Maha Visconti.

2. The parties have already established Diversity in District court from a documented declaration under Penalty of Perjury submitted by Albert Gregory Pinto.

3. The Case is very complex of which Trial and

and proceeding can only be held in United States District Court before an impartial Judge, not some Judge linked to Pinto who cannot be handpicked to the matter of Albert Gregory Pinto, and for these proceedings to be heard concurrently with the pending action, Federal case against Albert G. Pinto in this Courthouse of District of Colombia, since it is very costly and time consuming for both parties to have 2 seperate actions in 2 seperate courthouse, and neither Maha Visconti nor Albert G Pinto are residents of Santa Monica, and this case must be heard with its related case filed against Albert G Pinto for recently violating Code of Ethics and conspiring to violate Maha Visconti's Constitutional Rights for false imprisonment, defamation, massive torture, vandalism, perjury and fraud and in totally blocking Maha Visconti from conducting any Discovery work for years, also caused by Albert G Pinto on August 23, 2023 while Pinto was posing as an officer of the Court

4. Petitioner (Defendant/Cross-Complainant) MAHA Visconti in this action alleges that the State Judge

of California with another Federal Judge Dolly Gee named Defendants in pending related action with Elaine Wendy Mandel were in cahoots together to directly interfere and block Discovery process and committed fraud on the court by hacking through others the Court state and Federal system to be handpicked to the civil case of "Pinto" to cover up the massive and documented history of misconduct and violations committed by Albert G Pinto and deprive Maha Visconti from her right to Discovery about the actions of Pinto. Ms. Visconti's constitutional due process of Law and specific Civil Rights stated in terms of an ongoing Vendetta agenda and of racial equality and right denied which Petitioner Maha Visconti cannot enforce in the Courts of California.

5. Both Judges Elaine Wendy Mandel and Dolly Gee are as mentioned above Defendants and under investigation by International Authorities to be named in an international Lawsuit and Documentary to be produced in the future, that resulted to false and fabricated current false imprisonment of Maha Visconti and that will be detailed in a seperate Statement of facts in support of this Notice of Removal, of Judge

Elaine Wendy Mandel who has a serious conflict of interest permanently with Maha Visconti, blocked totally Discovery from taking its course and engaged in conducting various hearings without the presence and participation nor ability of Maha Visconti to be present at various hearings without any court reporter present and delibrately without making sure that the Detention Facilities of State of California make Maha Visconti available to be at least personally telephonically present at various hearings; who is the same Elaine Wendy Mandel in the case against Citibank where an IRS agent conspired with Citibank executives to steal $300,000 of Maha Visconti's proceeds from the only home Maha Visconti worked for years to presere / save from forclosure and sold, for Elaine Mandel to handpick that case too, where she was forced to recuse herself from the case on December of 2022 for being caught and hiding that she is a shareholder of the Bank where over 8 court orders were voided and vacated from her recusal, and was disqualified from being a judge in the Citibank case that Mandel has racked, of total abuse of power and her position as a Judge of State court.

7. The State Court Judge of California who lacks jurisdiction over the parties in this case since evidently both Albert G Pinto and Maha Visconti are NOT residents of California, demonstrates and continues to demonstrate a complete disregard for the statutory and constitutional rights of an African Moroccan and citizen of United States

8. As recently and previously both Elaine Wendy Mandel and Dolly Gee engaged in defrauding Maha Visconti by conducting hearings and discussing the case without her ability to be present at these hearings while knowingly knowing that Maha Visconti is (fraudulently) incarcerated while has no access to the Law Library at Detention Facilities and no access to a phone to make legal calls, nor access to her entire files in case of Pinto, while in cahoots with Albert G Pinto and his attorney Eric Khodadian are engaging in another perpetrated scheme to shop around for court orders to obtain from Elaine Wendy Mandel from documented Extrinsic Fraud and deprivation of Discovery and participation of Maha Visconti in any of these hearings, depriving her of her constitutional Right

to be present to defend herself and be able to be prepared and present for any hearings, specially those scheduled on 12/14/2023 to this date.

9. In addition, Mandel and Pinto with his attorney Khodadian conspired together to lie as officers of the Court in the Court's own records that Pinto never skipped out over 30 Requests for Discovery that he (Pinto) literally skipped out with Zero documents produced in direct violation of the court order issued on 12/6/2022. Moreover, conspired together to frame Maha Visconti from various frivelous Motions to destruct these proceedings from mandatory and timely Discovery where Motions to compel were taken off calendar 3 times illegally to cause delays and violations covered up for Pinto, and also engaged in changing statements in Court transcripts that is also considered Fraud that can be demonstrated to this Honorable Court.

10. Additionally, Mandel and Pinto with his attorney Eric Khodadian also engaged directly in fabrications as officers of the cours and lies about financial condition of Maha Visconti, by delibrately and falsely stating that Ms. Visconti is "not indigent"

when Maha Visconti is totally financially broke and indigent because of the actions of Albert G Pinto, by delibrately making false statements against Maha Visconti that both Mandel and Khodadian know it is not true by calling Maha Visconti very wealthy so they can both engage in conducting over 10 hearings without the mandatory presence of Maha Visconti while she is hostage at Detention facilities. When mandel was served with a subpoenas with Khodadian to provide any financial records that would evidence their false and fabricated statements in open court that Maha Visconti is not indigent, they both desobeyed the subpoena and failed to provide any single record as officer of the court who must be bound by statements they make in a court of Law. These are just some of many examples of ongoing violations committed against Maha Visconti

11. Title 28 U.S.C § 1443 state in pertinent part:
Any of the following civil actions or criminal prosecutions, commenced in a state court may be removed by defendant to the district court of the United States against any person who is denied or cannot enforce in the courts of such State a right

under any law providing for the equal civil rights of Citizens of the United States, or of all persons, and for any act under color of authority derived from any Law providing for equal rights..."

12. Most importantly, this is a related case to pending case before this same court that involves the same parties and similar causes of actions where both cases will be consolidated into one case from a Motion being also seperately filed in related pending case.

13. Attached hereto as Exhibit "A" is a true copy of Complaint being removed titled Albert Gregory Pinto vs. Maha Visconti filed on July 12, 2021

14. Attached hereto as Exhibit "B" is a true copy of Complaint titled Cross-Complaint filed by Maha Visconti as "Cross-complainant" against ALBERT Gregory Pinto as "Cross-Defendant" filed on May of 2022

15. Attached hereto as Exhibit "C" is Albert G Pinto's answer to cross complaint against him

16. Notice of Removal is served on all parties and on United States Attorney General before it escalates if needed to international court, if if District of

Colombia resolves these serious matters before a Jury trial in Federal court, and Discovery to be conducted.

17. This Notice of Removal is being also notified to State Superior court of which notice of removal is being filed with the clerk on or before 2/20/2025.

Respectfully Submitted,

Dated: ~~January 29th, 2025~~ February 20th, 2025

By: /s/ Maha Visconti
Maha Visconti, Pro-Per.

# PROOF OF SERVICE

I, Maha Visconti, I am over age 18 and have served the following Document on the following parties titled "Notice of Removal of Action under 28.U.S.C § 1443, 1446 and 1441(b):

To: • Attorney General of United States
950 Pennsylvenia Avenue
Washington DC, CA

• Eric Khodadian, ESQ
Attorney of Albert G Pinto

[X] via US.mail on 1/30/2025

I declare under penalty of perjury the foregoing is true and correct

Dated: 2/20/2025

[signature]

Maha Visconti

# VERIFIED SIGNATURE

## IN SUPPORT OF NOTICE OF REMOVAL OF STATE COURT ACTION CASE No. 21STCV467

I, Maha Visconti, Defendant and Cross-complainant in State court Case No. 21STCV25467 declare under penalty of perjury the foregoing is submitted by my person and that I am the filer and signer of this NOTICE OF REMOVAL.

I declare under penalty of perjury that the foregoing is true and accurate

Submitted on this 29th day of January 2025 in United States of America

Respectfully Submitted,

Signature : Maha Visconti MV
Maha Visconti, Pro Per

EXHIBIT

"A"

Complaint filed on July 2021

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Maha Visconti and DOES 1 - 25

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Albert Gregory Pinto

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court, Central District, 111 North Hill Street, Los Angeles, California 90012

CASE NUMBER: *(Número del Caso):*
21STCV25467

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Albert Gregory Pinto, 4998 Crooked Stick Way, Las Vegas, Nevada 89113

DATE: *(Fecha)* XXXXXXXXXX 07/12/2021 — Sherri R. Carter Executive Officer / Clerk of Court — Clerk, by *(Secretario)* V. Delgadillo, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of (specify):
   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): 21STCV25467

FOR COURT USE ONLY

Albert Gregory Pinto (CA SBN 270955)
4998 Crooked Stick Way
Las Vegas, NV 89113

TELEPHONE NO.: (571) 969-9021 FAX NO. (Optional):

ATTORNEY FOR (Name): in pro per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: 111 N Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Albert Gregory Pinto v. Maha Visconti; and Does 1 - 25

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 21STCV25467 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: Five (5): Domestic Violence, Assault & Battery, Negligence, IIED, NIED
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 9, 2021

Albert Gregory Pinto
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Pinto v. Visconti | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☑ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11 (11 circled)<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: Pinto v. Visconti | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Pinto v. Visconti | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages<br>☐ A6123 Workplace Harassment With Damages<br>☐ A6124 Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: Pinto v. Visconti | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☒ 11. | | | ADDRESS: 1410 5th St, Ste 111 |
|---|---|---|---|
| CITY: Santa Monica | STATE: CA | ZIP CODE: 90401 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: July 9, 2021

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Albert Gregory Pinto (Cal. Bar No. 270955)
**LAW OFFICE OF GREG PINTO**
4998 Crooked Stick Way
Las Vegas, NV 89113
Telephone: (571) 969-9021
gpinto@lalawnet.com

Plaintiff,
*In pro per*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

**UNLIMITED JURISDICTION**

| | |
|---|---|
| ALBERT GREGORY PINTO,<br>Plaintiff,<br>v.<br>MAHA VISCONTI; and DOES 1-25.<br>Defendants. | Case No: 21STCV25467<br>COMPLAINT FOR DAMAGES<br>**(1) DOMESTIC VIOLENCE TORT, CIVIL CODE § 1708.6**<br>**(2) ASSAULT AND BATTERY**<br>**(3) NEGLIGENCE**<br>**(4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>**(5) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |

**PARTIES**

1. The true names and capacities, whether individual, corporate, associate or otherwise of the defendants DOES 1 through 25, inclusive, are at this time unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein by a fictitious name is in some way negligent or otherwise responsible for the events and happenings herein referred to which proximately resulted in injury and damage to Plaintiff as herein alleged and when the true names and capacities of said fictitiously named Defendants have been ascertained, Plaintiff will amend this complaint to show same.

2. Plaintiff is informed and believes and upon such information and belief allege that at all times herein mentioned Defendants were acting as the agent, servant, partner, joint adventurer and/or employee of each of the other Defendants and were acting within the course and scope of their agency, partnership, joint venture and/or employment and with full knowledge and consent of each of the other Defendants.

3. Plaintiff, ALBERT GREGORY PINTO, is an individual residing in Brownwood, Texas.

4. Upon information and belief, Defendant, MAHA VISCONTI, is an individual residing in Playa Vista, California.

**FIRST CAUSE OF ACTION**

**Domestic Violence Tort, Civil Code § 1708.6**

5. Plaintiff hereby incorporates each and every allegation of the complaint as though fully set forth herein.

6. In or about July 2018, Plaintiff and Defendant were a married couple residing in Santa Monica, California.

7. On July 11, 2018, Defendant physically attacked Plaintiff, hitting him repeatedly in the eyes with such force that it caused Plaintiff's left eye to rupture. As a result, Plaintiff was blinded in one eye.

8. Defendant committed other acts of domestic violence against Plaintiff before the July 11, 2018, incident.

9. The acts of Defendant hereinabove described were acts of "domestic violence" within the

meaning of Civil Code § 1708.6, because the parties were married, cohabitants, or were having a dating or engagement relationship.

10. The aforementioned despicable conduct and/or acts of Defendant were performed by the Defendant with a malicious, willful, conscious and/or reckless disregard of the rights and safety of Plaintiff, and the probability of causing severe injury and/or emotional shock and distress to Plaintiff and such conduct constitutes oppression, fraud, or malice pursuant to California Civil Code Section 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish and/or make an example out of the Defendant.

**SECOND CAUSE OF ACTION**

**Assault and Battery**

11. Plaintiff hereby incorporates each and every allegation of the complaint as though fully set forth herein.

12. On or about July 11, 2018, Plaintiff was wrongfully, maliciously, and violently assaulted, battered, threatened, and seriously injured without legal or probable cause by Defendant.

13. Said Defendant at or about the aforementioned time used excessive, unreasonable, and unlawful force upon the Plaintiff without reasonable or probable cause nor privilege.

14. By reason of the aforementioned acts of the Defendant, Plaintiff was placed in great fear for his life and well-being.

15. By reason of the wrongful, intentional and malicious acts of the Defendant, Plaintiff was injured in his health, strength and activity, sustaining serious bodily injury and shock to his nervous system, which has caused and will continue to cause Plaintiff great mental and physical pain and suffering, all to his general damage in an amount to be proven at trial.

16. By reason of the injuries inflicted upon the Plaintiff by Defendant, Plaintiff was required to and did seek medical attention for an extended period of the time and, by reason thereof, incurred hospital expenses, and was compelled to hire nurses and doctors, and by reason thereof, incurred medical care and treatment expenses. Plaintiff is informed and believes and thereon alleges that he will be forced to expend additional sums in the future for the care and treatment of his aforementioned injuries in an amount to be ascertained and according to proof.

17. The aforementioned despicable conduct and/or acts of Defendant were performed by the Defendant with a malicious, willful, conscious and/or reckless disregard of the rights and safety of Plaintiff, and the probability of causing severe injury and/or emotional shock and distress to Plaintiff and such conduct constitutes oppression, fraud, or malice pursuant to California Civil Code Section 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish and/or make an example out of the Defendant.

## THIRD CAUSE OF ACTION

### Negligence

18. Plaintiff hereby incorporates each and every allegation of the complaint as though fully set forth herein.

19. On or about July 11, 2018, Plaintiff was negligently, without due care, battered, threatened, and seriously injured without legal or probable cause by Defendant.

20. In or about April – May 2021 Defendant repeatedly contacted Plaintiff, in violation of an existing restraining order, and made statements to Plaintiff threatening harm to him and others close to him if he did not agree to rescind his allegations and make false statements to public officials in the criminal matter arising out of the July 2018 attack.

21. These threats were the basis for filing of additional felony charges against Defendant in the criminal matter.

22. As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff suffered severe bodily injury, severe emotional disturbance and emotional stress, and Plaintiff required and continues to require medical treatment as aforesaid.

23. The aforementioned despicable conduct and/or acts of Defendant were performed by the Defendant with a malicious, willful, conscious and/or reckless disregard of the rights and safety of Plaintiff, and the probability of causing severe injury and/or emotional shock and distress to Plaintiff and such conduct constitutes oppression, fraud, or malice pursuant to California Civil Code Section 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish and/or make an example out of the Defendant.

//

**FOURTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

24. Plaintiff hereby incorporates each and every allegation of the complaint as though fully set forth herein.

25. In or about April – May 2021 Defendant repeatedly contacted Plaintiff, in violation of an existing restraining order, and made statements to Plaintiff threatening harm to him and others close to him if he did not agree to rescind his allegations and make false statements to public officials in the criminal matter arising out of the July 2018 attack.

26. These threats were the basis for filing of additional felony charges against Defendant in the criminal matter.

27. Plaintiff is informed and believes, and thereupon alleges, that the actions of Defendant, as aforesaid, were intentional, extreme, outrageous and were done with the intent to cause emotional distress or with reckless disregard of the probability of causing Plaintiff emotional distress.

28. As a direct and proximate result of the Defendant's conduct, Plaintiff has been subjected to severe emotional distress and will continue to suffer severe and permanent humiliation, mental pain and anguish, and will continue to live in a constant state of emotional tension and distress.

29. The aforementioned despicable conduct and/or acts of Defendant were performed by the Defendant with a malicious, willful, conscious and/or reckless disregard of the rights and safety of Plaintiff, and the probability of causing severe injury and/or emotional shock and distress to Plaintiff and such conduct constitutes oppression, fraud, or malice pursuant to California Civil Code Section 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish and/or make an example out of the Defendant.

**FIFTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

30. Plaintiff hereby incorporates each and every allegation of the complaint as though fully set forth herein.

31. Defendants acted negligently as detailed above.

32. As a direct and proximate result of each and all the aforesaid acts and omissions of the

Defendant, Plaintiff has suffered and continues to suffer emotional distress.

33. Defendant's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## DEMAND FOR JURY TRIAL

34. Plaintiff hereby demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

A. For economic damages, according to proof.

B. For general damages, including emotional distress, according to proof.

C. For punitive damages, according to proof.

D. For pre- and post-judgment interest.

E. For payment of attorney fees and costs of suit herein incurred.

F. And for such other and further relief as the Court may deem just and proper.

DATE: July 9, 2021

Respectfully Submitted,

By: [signature]

ALBERT GREGORY PINTO,
*In pro per*

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

FILED
Superior Court of California
County of Los Angeles
07/12/2021
Sherri R. Carter, Executive Officer / Clerk of Court
By: R. Perez Deputy

# NOTICE OF CASE ASSIGNMENT
# UNLIMITED CIVIL CASE

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
21STCV25467

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Michael E. Whitaker | 32 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 07/12/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

EXHIBIT

"B"

CROSS-Complaint filed against ALBERT Gregory Pinto on May 9 2022

Maha Moqaddem (Maha Visconti)
7280 Helena Place
Fontana, CA 92336
Phone: (213) 224-5598
Plaintiff, In Pro Per (Self-Represented)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 20 2025

David W. Slayton, Executive Officer/Clerk of Court

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE

| | |
|---|---|
| ALBERT GREGORY PINTO, Plaintiff<br><br>Plaintiff,<br><br>vs.<br><br>MAHA VISCONTI; and DOES 1 through 500, inclusive,<br><br>Defendants. | Case No. 21STCV25467<br>(Amended CROSS Complaint)<br>ANSWER TO COMPLAINT; AND CROSS-COMPLAINT<br><br>Assigned for all purposes:<br>Department M<br><br>Complaint Filed: July 12, 2021<br>Trial Date: Not Yet Set<br><br>DEMAND FOR JULY TRIAL |
| MAHA VISCONTI, an individual,<br><br>Cross-Complainant,<br><br>v.<br><br>ALBERT GREGORY PINTO; Dolly Gee and ROES 1 through 50, inclusive<br><br>Cross-Defendants. | |

## I. CROSS COMPLAINT

Cross-Complainant, MAHA VISCONTI (Maha Moqaddem), ("Defendant" and "Cross Complainant") alleges and pleads the following against Cross-Defendant, ALBERT GREGORY PINTO ( "Cross-Defendant" or "Attorney Pinto") as follows:

### A. INTRODUCTION AND STATEMENT OF FACTS

1. Defendant, Albert Gregory Pinto ("Attorney Pinto" or "Cross-Defendant") first approached Plaintiff outside a Los Angeles Courtroom in 2017, where Cross-Complainant was litigating a child custody dispute. Attorney Pinto offered to help her with "getting her child back." When she was not immediately responsive, Attorney Pinto then sent Cross-Complainant a direct solicitation message on LinkedIn. Prior to this interaction, Cross-Complainant was never acquainted with Attorney Pinto. Attached as **Exhibit A** is first communication of Albert Pinto to Defendant .

2. Cross-Complainant agreed to the representation, and Attorney Pinto was substituted in as legal counsel on her child custody/family law dispute in December, 2017. Attorney Pinto also offered to assist Cross-Complainant with an unrelated tax law dispute filed in Washington DC and was substituted in as counsel on the tax case in approximately late 2017.

3. Attorney Pinto informed Cross-Complainant that he would "help her get her son back" in her child custody dispute that resulted to probation plea deal, if she retained him as her attorney in her family law/child custody case (Los Angeles Superior Court Case No. BD4513999) and that he would help her on another civil lawsuit she was contemplating at the time, and a tax law dispute she had pending in the tax court in Washington DC.

4. Attorney Pinto informed Cross-Complainant that he would take a sharing of title on her Range Rover vehicle as his "legal retainer" or legal deposit to begin work on her cases. This took place shortly after Albert Pinto had made few calls and few emails to IRS attorneys.

5. Based on Attorney Pinto's representations, Cross-Complainant added Attorney Pinto's name to the Range Rover for his legal representation.[1] Notably, this vehicle had been paid for in full by Cross-Complainant by early 2018.

[1] The Range Rover Vehicle at issue which was owned by Plaintiff but later sold by Attorney Pinto, had a VIN number of: SALWR2RE2JA182234.

6. Preying on the vulnerability of Cross-Complainant, who was a single immigrant mother facing a contentious child custody dispute at the time, Attorney Pinto pursued an intimate personal relationship with his then client, in violation of California Model Rules of Professional Responsibility.

7. The parties were briefly in a relationship against the choice of Ms.Moqaddem who never wanted that type of relation with Pinto other then a friendly and professional attorney-client relation and had an annulled purported "marriage, certificate" that was obtained by pure error when they were living together for approximately six weeks in upper Pasadena, California that Albert Pinto rented with a promise he will be having an office to work on 2 cases of Ms. Moqaddem from approximately mid-May, 2018 to June 30, 2018, until Cross-Complainant became aware of what she alleges is fraudulent and abusive conduct by Attorney Pinto.

8. When Cross-Complainant stopped acquiescing to Attorney Pinto's demands of cash loans and additional payments, Attorney Pinto became increasingly abusive in the relationship. His actions included threating her safety, displaying firearms, and isolating her from others.

9. During the parties' relationship, from approximately April 2018 and June 30, 2018,Cross-Defendantused physical violence to harass and intimidate Cross-Complainant. The abuse included that Cross-Defendant used a pillow to almost suffocate Cross-Complainant on two occasions.

10. In June of 2018, Attorney Pinto requested that Cross-Complainant "loan" him $48,700 (forty-eight thousand dollars) to allow him to purchase a real estate property under his sole name and stated that he would return the funds once escrow on the property was opened. When Attorney Pinto did not return the $48,0700 within the 1 month as promised, Cross-Complainant was able to have the money returned to her by contacting the real estate agent/office who had the fund but had done that after Albert pinto had managed to have her arrested fasely.

11. On information and belief, Attorney Pinto became aware of Cross-Complainant's financial and business dealings while handling her lawsuits.

12. In approximately June of 2018, Attorney Pinto also requested Cross-Complainant to "loan

him" additional funds in an amount of approximately $300,000 (three hundred thousand dollars), which Attorney Pinto purported to need for a "proof of funds" for a real estate purchase he was attempting to make. Pinto stated to Plaintiff that he had bad credit and that he needed to show his lender that he had money in his personal bank account. Ms. Mowaddem refused to do so and was in returned threatened by Albert Pinto that she will see what is coming to her.

13. On approximately July 1, 2018, Cross-Complainant moved out of Attorney Pinto's Rented house of which lease had expired for one and half months. She left several suitcases of valuable items at Attorney Pinto's rented studio residence in Santa Monica , California. These items were valued in a minimum of the tens of thousands of dollars.

14. On approximately July 11, 2018, Cross-Complainant informed Attorney Pinto that she was going to remove his name from title on the Range Rover vehicle and would not be giving him any additional funds and demanded that Albert Pinto asks his real estate agents associated to return the $48,700 back to Ms. Moqaddem.

15. On or about July 11, 2018, on information and belief, Attorney Pinto then made false allegations about a domestic violence incident, in order to causing her to violate her probation order on the child custody order, whereby, she was arrested. Attorney Pinto falsely informed police that Cross-Complainant had caused an injury to his left eye, which Cross-Complainant contends was a preexisting injury.

16. On information and belief, Attorney Pinto was motivated to make the false reports to police regarding the cause of his eye injury in retaliation of Cross-Complainant stating that she would be removing his name from title of the Range Rover vehicle, and because she refused to loan him additional funds that he was requesting from her. Furthermore, during the Visit of Ms. Moqaddem's friends and related family members from Morocco, they had told Ms. Moqaddem that they did not know who Alert Pinto is and requested that is never brought near them. But on July 11,2018 Albert Pinto insisted to stay around Defendant even though she constantly asked him that he needed to leave. At around 7pm that same day everyone asked Albert Pinto to leave as no one wanted him to be around them. Albert Pinto while drunk and intoxicated was asked by Plaintiff to not touch her Range Rover and refused to go with him meet

his real estate agent who was visiting from DC. Ms. Moqaddem made sure her car was safely parked in valet parking and assumed Albert Pinto left on uber.

17. Cross-Complainant was incarcerated in California jail in relation to the arrest which was held to be a violation of her probation order from appr ximately July, 2018 to November 21, 2019. The first and main reason Ms. Moqaddem accepted to talk to Albert OPinto was because he had promised he was going to have he probation deal vacated from her child custody dispute case. Albert Pinto knew well that Ms. Moqaddem was on probation and by pre planning to have her arrested that she won't be able to get bail and remained hostage in jail for very long time while Albert Pinot managed to trespass to the residence of plaintiff (her brother's house) and broke the gate locked garage and trespassed inside the resided steal the Range Rover. It was until June of 2020 that Ms. Moqaddem found out that Albert Pinto had moved her name from the Range Rover Car to his sole name and sold it and diverted her car without her knowledge. Albert Pinto did not have a Court Order permitting him to trespass the house and damaged Plaintiff's second I phone that contained various videos and photos injuries from repeated assaults by Albert Pinto that he knew were stored on both I phones of Ms. Moqaddem.

18. Cross-Complainant brings the causes of action alleged herein within the proper statute of limitations pursuant to California Penal Code section 2601 and California case law, allowing incarcerated persons the statutory right of legal access to the courts. Cross-Complainant did not have legal representation for bringing a suit against Attorney Pinto during her incarceration and had limited access to the outside world during this time.

19. During her incarceration in Lynwood jail from July, 2018 to November, 2019, Attorney Pinto visited Cross-Complainant on several occasions. Over 15 times Notably, Attorney Pinto had knowledge as an attorney, which visiting Cross-Complainant in jail would likely be a violation of a Restraining Order he had in place with Cross-Complainant. However, Attorney Pinto used his attorney bar license wrongfully to gain access to Cross-Complainant in the jail during this time, in which she was in a vulnerable situation.

20. During his visits to Cross-Complainant in the Lynwood jail, Attorney Pinto informed Cross-Complainant that he would "drop" or cause the criminal case against her to be dismissed.

In return, Attorney Pinto requested that Cross-Complainant was to not report her domestic violence injuries that she sustained by his conduct. Attorney Pinto also continued to ask Cross-Complainant for additional funds.

21. On or about August of 2019, Cross-Complainant became aware for the first time of theft and conversion committed by Attorney Pinto. Cross-Complainant received information that Cross-Defendant Pinto trespassed onto Cross-Complainant's place of residence (Cross-Complainant's brother's home in Los Angeles, California) while Cross-Complainant was incarcerated to take Cross-Complainant's Range Rover without Cross-Complainant's consent or any court order allowing the transfer of title. But was not for sure her name was out of title of Range Rover by pure plan and plot of Albert Pinto until June of 2020.

22. Attorney Pinto then had Cross-Complainant's Range Rover vehicle converted to Attorney Pinto's sole ownership without Cross-Complainant's permission, and then, sold by Cross-Defendant to a third party. Cross-Complainant was not compensated for this sale.

23. Cross-Complainant had informed Attorney Pinto that she had evidence documenting the physical abuse which she had endured during the time Albert Pinto managed to have her istolated in the house he had rented between mid May of 2018 and June, 2018, including photos of bruising, stored on her phone that she would show to her family. Attorney Pinto requested that Cross-Complainant did not disclose the photos to her family and friends that were visiting.

24. During the time that Cross-Complainant was incarcerated, it is believed that Attorney Pinto stole one of Cross-Complainant's phone, and broke Cross-Complainant's second iPhone, destroying evidence that Cross-Complainant had on her phone documenting the physical abuse suffered by Attorney Pinto.

25. During the time Cross-Complainant was incarcerated, Cross-Complainant requested that Cross-Complainant's suitcases and valuable personal belongings, including cash, which were left in Attorney Pinto's studio residence in approximately July, 2018, be returned to her. However, Attorney Pinto did not return Cross-Complainant's items. It is understood that Attorney Pinto stole, converted, or illegally sold Cross-Complainant's valuables left at his residence.

To this date Albert Pinto refuses to return Plaintiff's property and valuables and a Demand letter

was recently sent to him.

## PROCEDURAL HISTORY

26. A case involving the same parties, and some of the same facts, was originally filed on February 18, 2022 in Los Angeles Superior Court, entitled "*Maha Elregragui Moqaddem v Albert Gregory Pinto*" in the Santa Monica Courthouse, Court Case No. 22SMCV00233. (Notice: Related Case pursuant to California Rule of Court, Rule 3.300).[2]

27. Cross-Defendant transferred that case, entitled "*Maha Elregragui Moqaddem v Albert Gregory Pinto*," to the U.S. District Court, Central District in March, 2022, United States District Court Case No. 2:22-CV-01808 DMG (JEMx) on the grounds of diversity of the parties.

## THE PARTIES

28. Cross-Complainant, is an individual, who resides in the City of Los Angeles, in Los Angeles County, Los Angeles.

29. Cross-Defendant Albert Pinto, is an individual, who on information and belief, lives in the state of Texas. Mr. Pinto was residing in Los Angeles County during the time in which the events at issue occurred. His exact address is unknown at this time. Cross-Defendant is also an attorney; his California State Bar License Number is: 270955. (Active as of 8/31/2010).[3]

30. Defendants ROES 1-50 are other persons who engaged in or abetted the conduct set forth in this complaint. Cross-Complainant intends to seek leave to amend the complaint upon learning the identity of the ROE defendants.

## JURISDICTION AND VENUE

31. Cross-Complainant resides in Los Angeles County, California.

32. All occurrences alleged in the Complaint occurred in this county, and moreover, Cross-Complainant resides in this county.

## FIRST CAUSE OF ACTION

## (BREACH OF FIDUCIARY DUTY BY AN ATTORNEY)

**(As to All Cross-Defendants)**

[2] A Notice of Related Cases pursuant to California Rules of Court will be filed with the Court.
[3] Attorney information on California State Bar website, located at: https://apps.calbar.ca.gov/attorney/Licensee/Detail/270955

33. Cross-Complainant realleges the allegations contained in foregoing paragraphs inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

34. Prior to meeting Attorney Pinto outside her family law/child custody hearing in Los Angeles Superior Court in 2017, Cross-Complainant was not acquainted with Attorney Pinto.

35. When Cross-Complainant did not acquiesce to Attorney Pinto's oral offer to assist her with her child custody case, Attorney Pinto continued to pursue the relationship by searching for Cross-Complainant on the website "LinkedIn" where he sent her a direct business solicitation again offering his services to help her on her child custody case.

36. Attorney Pinto then also pursued a close personal intimate relationship with his client, Cross-Complainant, against her wish around the time he had been substituted in as counsel in her case.

37. In the year 2017, in addition to be substituted in as counsel on her child custody case (Los Angeles County Case No. BD451399); Attorney Pinto also offered to assist Cross-Complainant on two other matters: a civil matter whereby Cross-Complainant had a dispute with Citibank; and a tax law matter which Cross-Complainant had pending in Washington DC at the time.

38. Notably, however, Attorney Pinto was not qualified to do work on all these matters. For example, Attorney Pinto was not a tax law attorney. In fact, Attorney Pinto was not admitted to practice law in Washington DC, despite representing Cross-Complainant in that matter and substituting in as counsel on the tax matter.

39. As a retainer or legal deposit to begin work on the two cases for which Attorney Pinto was being substituted in; Attorney Pinto requested that he was added on the to title of Cross-Complainant's Range Rover vehicle.

40. Cross-Complainant had already paid off the vehicle recently prior to meeting Attorney Pinto. The car was valued at approximately $110,000 (one hundred and ten thousand dollars).

41. Attorney Pinto also requested that Cross-Complainant loan him money for him to be able

to qualify for certain personal real estate purchases, in exchange for his legal services. Cross-Complainant proceeded to loan Attorney Pinto $48,700 (forty-eight thousand dollars and seven hundred dollars ) which was later returned to her luckily while she was placed in jail by Pinto who accessed her emails and deleted her email history so she does not have any access to contact information of real estate agent's associate at the time.

42. Attorney Pinto also requested additional funds, in the amount of $300,000 (three hundred thousand dollars). Notably, Attorney Pinto made this request after Attorney Pinto learned about Cross-Complainant's other financial dealings, and that Cross-Complainant's company, Hedge Fund, Inc. in which she was the principal, was scheduled to receive an approximately $300,000 tax refund from the IRS in connection with a lifted tax levy on her business property.

43. During Cross-Complainant's incarceration, between approximately July, 2018 and November 2019, Attorney Pinto used his State Bar license to discreetly visit Cross-Complainant in Lynwood jail. During these occasions, Attorney Pinto asked Cross-Complainant for money and asked Cross-Complainant not to bring any domestic violence charges against him. Attorney Pinto falsely stated that if Cross-Complainant was to do as he asked, that he would cause the criminal case against her for which she was incarcerated, to be dismissed.

44. Attorney Pinto was also he was using his California Bar License to gain access to Cross-Complainant in the women's jail on the pretense that he was helping her with her situation for which she was incarcerated.

45. Attorney Pinto misrepresented Cross-Complainant that he had kept her personal belongings which she had left at his studio residence in Pasadena, California while she was incarcerated safely. He stated to Cross-Complainant and her family members that her personal belongings were safely kept in a storage unit. The items were valued at a minimum of tens of thousands of dollars. Cross-Complainant justifiably relied on these representations. To date, Attorney Pinto has not returned those items resulting in damages to Cross-Complainant.

46. Pursuant to State Bar of California Rule 1.8.10:

> "A lawyer shall not engage in sexual relations with a current client who is not the lawyer's spouse or registered domestic partner unless a consensual

> sexual relationship existed between them when the lawyer-client relationship commenced."

Attorney Pinto acted in violation of this rule.

47. Pursuant to State Bar of California Rules of Professional Conduct, Rule 1-400:

> "A solicitation shall not be made by or on behalf of a member or law firm to a prospective client with whom the member or law firm has no family or prior professional relationship, unless the solicitation is protected from abridgment by the Constitution of the United States or by the Constitution of the State of California."

Attorney Pinto was in violation of this rule.

48. Pursuant to State Bar of California Rules of Professional Conduct, Rule 1.15a (Safekeeping Funds and Property of Clients and Other Persons):

> "All funds received or held by a lawyer or law firm* for the benefit of a client, or other person to whom the lawyer owes a contractual, statutory, or other legal duty, including advances for fees, costs and expenses, shall be deposited in one or more identifiable bank accounts labeled "Trust Account" or words of similar import..."

Attorney Pinto was in violation of this rule.

49. Pursuant to ABA Model Rule 5.5; and California Rules of Professional Conduct, Rule 5.5, attorneys admitted in one U.S. Jurisdiction may not provide legal services in another jurisdiction unless it is temporary and under strict conditions. When Attorney Pinto was substituted in as counsel on Cross-Complainant's a tax law matter, he was neither qualified nor permitted to practice law in Washington DC at the time. Attorney Pinto was in violation of this rule.

50. Cross-Complainant was harmed when Attorney Pinto breached an attorney's Fiduciary Duties governed by California law and California Model Rules of Professional Conduct which required him not to solicit clients, solicit relationships with his clients, and not to illegally usurp funds and property from his clients which were supposed to be safely kept, and further, not to purport to be able to assist in cases for which he was unqualified to assist with.

51. The foregoing described conduct was a substantial factor in causing Cross-Complainant's harm.

52. As a direct and legal result of said fiduciary violations, Cross-Complainant suffered the

harm as set forth herein, including economic and non-economic damages, mental distress and pain and suffering, in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**(FRAUD)**

**(As to All Cross-Defendants)**

53. Cross-Complainant realleges the allegations contained in foregoing paragraphs inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

54. Attorney Pinto improperly and fraudulently utilized his California State Legal Bar License in order to defraud Cross-Complainant out of her personal property and monetary assets.

55. Attorney Pinto made false and fraudulent promises that if Cross-Complainant was to retain him as counsel, he would help Cross-Complainant "get her child back" in relation to a child custody dispute she had, and to help her "get her funds back" in an unrelated tax dispute case she had which was pending in court in Washington DC.

56. Attorney Pinto was substituted in as legal counsel on her child custody/family law dispute in December, 2017. Attorney Pinto also was substituted in as counsel on the tax case in approximately late 2017.

57. In exchange for Attorney Pinto's representation, Attorney Pinto demanded that Cross-Complainant pay him for his legal retainer/deposit by adding him to the title of Cross-Complainant's Range Rover vehicle.

58. Attorney Pinto also demanded that Cross-Complainant loan him large amounts of money which he would later "return" to her in exchange for him assisting her with attorney work on Cross-Complainant's cases for which he was retained.

59. On approximately July 1, 2018 and thereafter, Attorney Pinto also made false statements to police and investigators regarding the fact that his eye was injured by Cross-Complainant, when in reality, he had sustained an eye injury prior to his meeting with Cross-Complainant.

60. Attorney Pinto's foregoing statements were false and were a misrepresentation of the

truth.

61. On information and belief, Attorney Pinto was not qualified to assist Cross-Complainant with her child custody dispute matter, and further, did very minimum work on the case. Attorney Pinto was also not licensed in Washington DC for the tax case in which he was substituted in as counsel.

62. Due to the very limited work performed on Cross-Complainant's child custody case and tax case by Attorney Pinto, Attorney Pinto fraudulently charged Cross-Complainant with exorbitant amounts of fees through requesting the transfer of title of her Range Rover vehicle as a "legal retainer," as well as by demanding monetary loans from Cross-Complainant for legal services he did not actually perform.

63. Further, Attorney Pinto made false statements that his name was to be added to title of the Range Rover vehicle along with keeping Cross-Complainant's name on the vehicle title, though Attorney Pinto later wrongfully transferred title of the vehicle solely into his name by removing Cross-Complainant's name from title without Cross-Complainant's consent.

64. Attorney Pinto made the foregoing statements with an intent to defraud Cross-Complainant and to induce her reliance on these statements, so that he could attain large amounts of money, vehicle title, and potentially start a relationship with his former client, Cross-Complainant.

65. Cross-Complainant justifiably relied on the foregoing statements. Cross-Complainant was in a vulnerable position when she was approached outside the courtroom by Attorney Pinto, as she was intent on regaining custody of her then minor child.

66. As a result of Cross-Complainant's reliance on Attorney Pinto's misrepresentations and false statements, Cross-Complainant suffered economic and non-economic damages, in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**(CONSTRUCTIVE FRAUD)**

**(As to All Cross-Defendants)**

67. Cross-Complainant realleges the allegations contained in foregoing paragraphs inclusive,

hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

68. Attorney Pinto was legal counsel for Cross-Complainant in a child custody/family matter case and in a tax law case from approximately 2017 to 2018 as described in the foregoing.

69. Attorney Pinto acted on Cross-Complainant's behalf for the purposes of handling title of her Range Rover vehicle, after he asked her to be added to the title in exchange for a legal attorney fee retainer for his retention on two cases.

70. Attorney Pinto also acted on Cross-Complainant's behalf for the purpose of "safeguarding" her other property assets, including a number of suitcases which contained valuable items, by stating that he would keep them safely in a storage unit for her while she was incarcerated.

71. Attorney Pinto knew that he was not being truthful when he made these representations about her property and vehicle.

72. Attorney Pinto misled Cross-Complainant by failing to provide Cross-Complainant with the property which he was supposed to be safeguarding for his client, Cross-Complainant.

73. Cross-Complainant was harmed as a result of these actions and omissions when Attorney Pinto transferred title of the vehicle solely in his name and removed Cross-Complainant's name from title, without Cross-Complainant's consent.

74. Cross-Complainant was also harmed as a result of these actions and omissions when Attorney Pinto did not return the valuable personal items in her suitcases to her, including expensive purses and other clothing items, which caused a monetary loss to be proved at trial.

75. Attorney Pinto's conduct was as substantial factor in causing Cross-Complainant's harm.

76. As a result of Cross-Complainant's reliance on Attorney Pinto's misrepresentations and false statements, Cross-Complainant suffered economic and non-economic damages, and pain and suffering, in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**(EXTORTION- CIVIL)**

**(As to All Cross-Defendants)**

77. Cross-Complainant realleges the allegations contained in foregoing paragraphs inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

78. During Cross-Complainant's incarceration, Attorney Pinto visited Cross-Complainant in the jail, and he made threats that if she did not continue to loan him money, that she should now "Watch and See What Happens" to her.

79. Attorney Pinto also threatened Cross-Complainant that if she did not pursue a domestic violence charge against him for the violence she experienced in their relationship, that he would get the criminal charges she was concurrently facing, dismissed.

80. The threats were wrongful.

81. The threat included a demand for money.

82. Cross-Complainant complied with the demand by failing to pursue domestic violence complaints or reports against Attorney Pinto.

83. As a result of the extortion by Attorney Pinto, Cross-Complainant suffered damages and harm, including pain and suffering, in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

**(ASSAULT)**

**(As to Cross-Defendant Pinto)**

84. Cross-Complainant realleges the allegations contained in foregoing paragraphs inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

85. In 2018, during the time that Attorney Pinto and Cross-Complainant were in a relationship together, Attorney Pinto grew increasingly violent.

86. Specifically, on 2 (two) occasions Attorney Pinto attacked Cross-Complainant by placing a pillow on Cross-Complainant's face, stopping her breathing. One occasion was to stop her from leaving a hotel room and a second occasion was done at Attorney Pinto's studio rental in Pasadena, California, where the Cross-Complainant was living with Attorney Pinto for approximately 6 (six) weeks.

87. Cross-Complainant suffered other injuries by Attorney Pinto including bruising to her arms and wrist.

88. Attorney Pinto grew increasingly violent when Cross-Complainant refused to loan him additional monies and on also attacked Cross-Complainant when she threatened to remove his name from the title of her Range Rover Vehicle.

89. Attorney Pinto's actions of violence and intimidation were intended to cause harmful and offensive conduct to Cross-Complainant.

90. Attorney Pinto intended to cause and did cause Cross-Complainant to suffer apprehension of an immediate harmful contact.

91. Cross-Complainant did not consent to the threats or violence, and offensive touching against her by Attorney Pinto.

92. Cross-Complainant was harmed by these acts of violence and threatening behavior.

93. Attorney Pinto's conduct was a substantial factor in causing Cross-Complainant harm.

94. As a result of Attorney Pinto's violent and abusive behavior and physical assaults on Cross-Complainant, Cross-Complainant suffered damages, including, shock, distress, anguish pain and suffering and other harm, in an amount to be proven at trial.

95. Cross-Complainant is entitled to exemplary and punitive damages in an amount according to proof at trial.

**SIXTH CAUSE OF ACTION**

**(BATTERY)**

**(As to Cross-Defendant Pinto)**

96. Cross-Complainant realleges the allegations contained in foregoing paragraphs inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

97. As detailed in the foregoing, Attorney Pinto touched Cross-Complainant with the intent to harm or offend her.

98. The harmful touching included, but was not limited to, the two (2) occasions on which Attorney Pinto placed a pillow on Cross-Complainant's face to restrict her breathing, and further,

held and struck her body.

99. As a direct and proximate result of Cross-Defendant's conduct, Cross-Complainant suffered at the hand of "Pinto" numerous physical injuries.

100. Attorney Pinto trespassed to Cross-Complainant's property at her brother's residence to destroy her iPhone that had documented pictures of these injuries.

101. Cross-Complainant did not consent to the touching.

102. Cross-Complainant was harmed and offended by Attorney Pinto's conduct, including the violence and threats.

103. A reasonable person in Cross-Complainant's situation would have been offended by the contact and harms experienced by Cross-Defendant.

104. As a result of Attorney Pinto's violent and abusive behavior and physical assaults on Cross-Complainant, Cross-Complainant suffered damages, including, shock, distress, anguish pain and suffering and other harm, in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**

**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED"))**

**(As to Cross-Defendant Pinto)**

105. Cross-Complainant realleges the allegations contained in foregoing paragraphs inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

106. As described in the foregoing, Attorney Pinto's conduct was extreme and outrageous.

107. The conduct included, but is not limited to, assault, battery, stealing or conversion of Cross-Complainant's property which Attorney Pinto was required to hold for safekeeping, wrongful charging of exorbitant attorney fees which was not justified by the amount of work performed, and threats and misrepresentations made to Cross-Complainant to attain additional funds from her.

108. Attorney Pinto intended to cause Cross-Complainant emotional distress and acted with conscious disregard for Cross-Complainant's rights.

109. Attorney Pinto also acted with reckless disregard of the probability that Cross-Complainant would suffer emotional distress knowing that Cross-Complainant was present when some of the conduct occurred.

110. Cross-Complainant suffered from severe emotional distress as a result of the aforementioned conduct. The distress included mental anguish, humiliation, and emotional and physical injuries in an amount not yet ascertained, but to be proven at the time of trial.

111. As a direct and proximate result of Cross-Defendant's conduct, Cross-Complainant was required to obtain medical services and treatment, and suffered from a loss of earnings, in an amount according to proof at time of trial

112. Attorney Pinto's conduct was a substantial factor in causing Cross-Complainant severe emotional distress.

113. As a direct and proximate result of Cross-Defendant Attorney Pinto's conduct, Cross-Complainant suffered harm, in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**

**(CONVERSION)**

**(As to All Cross-Defendants)**

114. Cross-Complainant realleges the allegations contained in foregoing paragraphs inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

115. When Cross-Complainant first met Attorney Pinto in 2017, she owned a Range Rover "Sport" vehicle valued at approximately $110,000 (one hundred and ten thousand dollars) which had been paid off and recently purchased. Title for the vehicle was solely in Cross-Complainant's name.

116. Attorney Pinto substantially interfered with Cross-Complainant's ownership of the property (Range Rover vehicle) by knowingly and internationally requesting her to add his name on the title of the vehicle, as a "legal retainer" for him to be substituted as counsel on her family law/custody dispute case which was ongoing at the time. Attorney Pinto, thereafter, removed Cross-Complainant's name from the title of the vehicle without her consent.

117. Attorney Pinto thereby, prevented Cross-Complainant from having access to her vehicle and refused to return the vehicle after Cross-Complainant's request. These actions harmed Cross-Complainant.

118. Further, as described in the foregoing, Attorney Pinto requested $48,000 (forty-eight thousand dollars) to be loaned to him for approximately one (1) month which he also wanted to use for a real estate transaction. Attorney Pinto interfered with Cross-Complainant's monies by refusing to return the money after the one-month period terminated.

119. Cross-Complainant did not consent to prolonged use of her money by Attorney Pinto.

120. Cross-Complainant was harmed when the money was not timely returned as she had to go through substantial efforts to have the money returned to her by a third-party real estate agent.

121. Additionally, Cross-Complainant had various suitcases, expensive purses, jewelry and other valuable items (hereinafter, "personal belongings") kept at Attorney Pinto's residence while the two parties were in a relationship. These Personal Belongings were left at Attorney Pinto's rented studio residence in Pasadena, California when Cross-Complainant was incarcerated.

122. Cross-Complainant did not gift or give the Personal Belongings to Attorney Pinto at any time.

123. Cross-Complainant's Personal Belongings included, but is not limited to the following: (a) Apple gold color watch; (b) Dresses (Stella McCartney; Alexander McQueen; La Perla and Etro brands); (c) Purses (Chanel); (d) Sunglasses (Chanel and other brands); (e)Jackets (Gucci; La Perla); (f) Jewelry (Neckless and bracelets from Chanel; 2 (two) cartier brand gold bracelets); (g) Jackets (La Perla and Gucci brand); (h) Cash in the amount of approximately $30,000 (thirty thousand dollars) locked in one of the suitcases; and (i) White color iPhone.

124. Additionally, Attorney Pinto kept Cross-Complainant's Passport. Attorney Pinto indicated to Cross-Complainant that he gave her passport to another attorney. However, the passport was never returned.

125. When Cross-Complainant was incarcerated, Attorney Pinto made misrepresentations that Cross-Complainant's personal belongings and valuables were being kept in a safe area and storage which was located four-hour drive away.

126. Attorney Pinto substantially interfered with Cross-Complainant's property herein described, including her Personal Belongings, cash, and Passport, by taking possession of the items and preventing Cross-Complainant rom having access to the property. Attorney Pinto has refused to return the herein described property despite requests for return.

127. Cross-Complainant never consented to Attorney Pinto taking her Personal Belongings, cash, iPhone, Vehicle, or Passport.

128. Cross-Complainant was harmed by Attorney Pinto taking control of Cross-Complainant's personal property.

129. Attorney Pinto's conduct was a substantial factor in causing Cross-Complainant's harm.

130. As a direct and proximate consequence of the acts of Attorney Pinto and any of his agents, or representatives, Cross-Complainant suffered, and continues to suffer loss of her personal property and is entitled to compensatory damages.

131. As a direct and proximate result of Cross-Defendant Attorney Pinto's conduct, Cross-Complainant suffered harm, in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**

**(NEGLIGENT MISREPRESENTATION)**

**(As to All Defendants)**

132. Cross-Complainant realleges the allegations contained in foregoing paragraphs inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

133. As described in detail in the foregoing, Attorney Pinto made numerous false or untrue representations as to past and existing material facts, which Attorney Pinto represented were true.

134. Specifically, Attorney Pinto made false representations about his ability to handle Cross-Complainant's child custody case, and tax law case, when he was not qualified to do so.

135. Attorney Pinto also made false representations regarding Cross-Complainant's Title to her Range Rover car, which were not true.

136. Attorney Pinto made false representations regarding documents for the parties' marriage license being only permits to apply for a marriage license, which was not true.

137. Attorney Pinto also made false representations about the fact that he was safekeeping Cross-Complainant's funds and Personal Belongings that were left at his residence in approximately June of 2018, when in reality, this was not true as he disposed of or otherwise took custody of the items.

138. Attorney Pinto intended that Cross-Complainant rely on these representations.

139. In making the foregoing misrepresentations, that although Attorney Pinto may have honestly believed that the representations described herein were true, Attorney Pinto had no reasonable grounds for believing the representations were true when he made it;

140. Cross-Complainant justifiably relied on the representations.

141. Cross-Complainant's reliance on Cross-Defendant's representation was a substantial factor in causing her harm.

142. Cross-Complainant suffered in damages, in an amount to be determined at trial.

**WHEREFORE,** Cross-Complainant prays as follows:

1. For a declaratory judgment that Cross-Defendant Attorney Pinto's practices and conduct as alleged herein violate Cross-Complainant's rights under the laws of California and the constitution;
2. For an order directing Cross-Defendant Attorney Pinto, to return Cross-Complainants

personal belongings, and money, and vehicle and passport which was seized or controlled without legal justification or consent;

3. For damage in an amount to be determined according to proof;
4. For costs of suit and attorney fees as provided by law;
5. For exemplary and punitive damages as provided by law.

DATED: May 25, 2022

*/s/ Maha Moqaddem*
Maha Visconti (Maha Moqaddem)
Plaintiff (Self-Represented)

## II. ANSWER TO COMPLAINT

Defendant and Cross-Complainant, MAHA VISCONTI (Lala Maha Moqaddem), ("Defendant" and "Cross Complainant") hereby answers Plaintiff, ALBERT GREGORY PINTO ( "Plaintiff" and "Cross-Defendant") (Unverified) Complaint as follows:

### GENERAL ALLEGATIONS

1. The COMPLAINT alleges, among other things, tortious conduct allegedly entitling Plaintiff to recover damages from Defendant. Defendant contends, and will continue to contend, that it is in no way actionably liable for the events, occurrences, and damages, tortious or otherwise, described in Plaintiffs' COMPLAINT.

2. Defendant denies any wrongdoing, negligence, or other conduct giving rise to any liability or claim for relief whatsoever. Despite such denial, and in the event that judgment is entered against Defendant and in favor of Plaintiffs resulting in an award of damages, Defendant alleges that all or some portion of said damages were proximately caused and contributed to by the acts, omissions, fault, and tortious conduct of Plaintiff.

### GENERAL DENIAL

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure,

Defendant, MAHA VISCONTI, generally denies each and every allegation of Plaintiff, ALBERT GREGORY PINTO's Complaint based on information and belief, and further deny that Plaintiff sustained damages as alleged, or at all, by reason of any act, breach, or omission on the part of Defendant. Defendant sets forth the following affirmative defenses to Plaintiff's Causes of Action. Nothing stated or unstated shall constitute an admission of any kind.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint and each of its causes of action fail to state facts sufficient to constitute a cause or causes of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Consent)**

The Complaint and each of its causes of action are barred on the ground that at all times alleged in the Complaint, Plaintiff expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

**THIRD AFFIRMATIVE DEFENSE**

**(Offset)**

Defendant alleges that she has suffered damages by reason of Plaintiff's conduct, and Defendant has a right to offset its damages against the damages, if any, of Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The Complaint and each of its causes of action are barred by the doctrine of unclean hands. (Specifically, Plaintiff had assaulted and battered and threatened Defendant on numerous occasions).

**FIFTH AFFIRMATIVE DEFENSE**

**(Doctrine of Waiver)**

The Complaint and each of its causes of action are barred by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The Complaint and each of its causes of action are barred by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Mistake of Fact)**

The Complaint and each of its causes of action are barred due to a mistake of fact.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Speculative Damages/Penalties)**

Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages and/or penalties are too vague, ambiguous, excessive, unreasonable, uncertain, and speculative to permit recovery.

**NINTH AFFIRMATIVE DEFENSE**

**(Federal and/or State Preemption)**

Plaintiff's Complaint, and each claim contained therein, is barred to the extent that Plaintiff's claims are preempted by federal/state law.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Show Intent or Willfulness)**

Plaintiff's claims for certain penalties are barred in whole or part because Plaintiff has not alleged and cannot allege, facts demonstrating that Defendant's conduct was willful, intentional, or harmful.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Bad Faith)**

The Complaint and each of its causes of action are barred due to bad faith on the part of Plaintiff. (Plaintiff was the attorney of Defendant and used threats, violence, and breach of fiduciary duty to abuse, and assault Defendant to take her assets).

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Severe Emotional Distress)**

The alleged acts of Defendant were not outrageous, intentional, or reckless, and Plaintiff did not suffer from severe emotional distress.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

Any claim for punitive damages is barred by Defendant's rights under the Constitution of the United States of America and the Constitution of the State of California, including Defendant's rights to procedural due process and protection for excessive fines and substantive due process under the State and Federal Constitutions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences Doctrine)**

Plaintiff's Complaint allegations, without admitting that Defendant engaged in any of the acts alleged in the Complaint, is barred on the grounds that Plaintiff failed to take reasonable and necessary steps to avoid the harm or the consequences he allegedly suffered, to the extent of any damages that could have been avoided with reasonable effort.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Pre-Existing Condition)**

To the extent that Plaintiff alleges to have suffered any symptoms of physical or mental injury, they were the result of pre-existing conditions or disorders or alternative concurrent causes, and not the result of any act or omission by Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff's alleged damages, if any exist, were aggravated by Plaintiff's failure to use reasonable diligence to mitigate them.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Third Parties)**

Plaintiff's claims are barred in whole or in part because any injuries or damages allegedly sustained by Plaintiff were not the result of acts or omissions by Defendant. Any alleged injuries were caused in part or in whole by third parties or intervening occurrences.

///

///

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Standing)**

The Complaint and each of its causes of action are barred by the lack of standing to bring the claims.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

The Complaint against Defendants is barred, in whole or in part, by the doctrine of laches.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Cause-in-Fact)**

No act or omission of Defendants or by any person or entity for which Defendants may be responsible was the cause in fact of any damages alleged in the complaint.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

**(Lack of Jurisdiction)**

The Court lacks subject matter over some, or all the matters alleged in the Complaint. The Court also lacks personal jurisdiction. (Specifically, Plaintiff, Albert Gregory Pinto, has informed the U.S. District Court, Central District, that he lives in Texas. A case involving the same parties, and some of the same facts, "Maha Elregragui Moqaddem v Albert Gregory Pinto," was moved by Mr. Pinto to the U.S. District Court, Central District in March, 2022, United States District Court Case No. 2:22-CV-01808 DMG (JEMx) on the grounds of diversity of the parties.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

**(Act of God)**

Defendants are informed and believes and based thereon, alleges that the damages complained of in Plaintiff's Complaint, if any, resulted from an unforeseeable act of God, thereby, barring, either partially or totally, Plaintiff's claimed damages.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

**(Independent, Intervening, and/or Superseding Cause)**

The Complaint against Defendant is barred, in whole or in part, because any act or omission of Defendants was not a substantial factor in bringing about Plaintiffs' alleged injuries and damages and was not a contributing cause thereof. If Plaintiffs sustained losses or damages, such losses or damages were the result of independent, intervening, or superseding forces and/or actions or omissions of third parties over which Defendants had no control and did not in any way participate in and for which Defendants are not liable.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

**(Due Care)**

Defendants allege that Defendants exercised due care with respect to all matters alleged in the Complaint.

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The action is barred by the applicable statutes of limitations.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Equity)**

As between Defendant and Plaintiff, the equities do not preponderate in favor of Plaintiff as to allow recovery.

**THIRTY SEVENTH AFFIRMATIVE DEFENSE**

**(Attorney Fees Not Recoverable)**

Plaintiff lacks legal right to claim Attorney Fees from the allegations asserted in this Complaint against Defendants.

**THIRTY EIGHTH AFFIRMATIVE DEFENSE**

Defendant Dolly Gee is a Judge in Federal Court who conspired with Pinto to evade Discovery Process who to tolly blocked and delayed Discovery Process to Pinto's civil cases by managing to also handpick herself to his cases to keep blocking Discovery

that resulted to irreparable harm to Maho Visconti that will be determined for an amount at a Jury Trial

Dated: 2/20/2025 Maho Visconti

P26A

**(Reservation of Right to Assert Additional Defenses)**

Defendant reserves the right to assert additional defenses which cannot now be articulated due to Plaintiff's failure to particularize its claims or to Defendant's lack of knowledge of the circumstances surrounding Plaintiff's claims. Upon further particularization of the claims by Plaintiff or upon discovery of further information concerning Plaintiff's claims, Defendant reserves the right to assert additional defenses.

**WHEREFORE,** answering Defendant, MAHA VISCONTI, prays as follows:

1. That Plaintiff takes nothing by reason of their complaint and that judgment be rendered in favor of Defendant;
2. That Defendant be awarded all attorneys' fees and costs of suit incurred in defense of this action, to the extent to which the law, equity, or contract allows; and
3. That Defendant be awarded any other relief that this Court deems just and proper.

DATED: 2/20/2022

*/s/ Maha Moqaddem*
Maha Visconti (Maha Moqaddem)
Plaintiff (Self-Represented)

EXHIBITS :

A: First communication by Albert Pinto to Ms. Moqaddem (Visconti)

B: Evidence that Albert Pinto was the attorney of Maha Visconti, Substitution of attorney

C: Albert Pinto legal Agreement

D: IRS tax petition case that was filed by Maha Moqaddem (Visconti) in Tax court where Albert Pinto never once made any appearance in Court other then few phone calls and emails

E: Proof of payment by Maha Moqaddem (Visconti) to her Range Rover where she naively added the name of albert Pinto to the title of her Car.

F: Similar Car that is not worth $500 that Albert Pinto drove when he met Ms. Moqaddem

G: Second I phone that was damaged by Albert Pinto to destroy evidence when he trespassed to

# EXHIBIT A

**LinkedIn Member**

**LinkedIn Member**

JUL 5, 2017

**LinkedIn Member** · 7:30 PM

Hello Maha - I enjoyed meeting you the other day at the courthouse. Please let me know if you want to discuss any aspect of your case or if there is anything else you believe we might do to set things right.

All my best - Greg

**LinkedIn Member**

JUL 5, 2017

**LinkedIn Member** · 7:30 PM

Hello Maha - I enjoyed meeting you the other day at the courthouse. Please let me know if you want to discuss any aspect of your case or if there is anything else you believe we might do to set things right.

All my best - Greg

Home My I



**Maha Visconti**

--

Connections 4

**Grow your network**

Access exclusive tools & insights

**Try Premium for free**

**My items**

Groups

Events +

Followed Hashtags

Discover more



Start a post

Photo Video Event Write article

Sort by: **Top**

Add to your feed



**Andrea WR Jones** • 3rd+

Amor Fati

+ Follow



**Ms Julia Epiphany**

43,602 followers

+ Follow

# EXHIBIT B

MC-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Maha Visconti<br>107 S West St<br>Alexandria, VA 22314<br>TELEPHONE NO: 202-710-4404 FAX NO (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 N Hill St<br>MAILING ADDRESS: 111 N Hill St<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Central | |
| CASE NAME:<br>In re Marriage of Visconti, Maha and John | |
| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>BD451399 |

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Maha Visconti makes the following substitution:

1. **Former legal representative** ☑ Party represented self ☐ Attorney *(name):*
2. **New legal representative** ☐ Party is representing self* ☑ Attorney
   a. Name: A. Gregory Pinto b. State Bar No. *(if applicable):* 270955
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*
   1410 5th St, Ste 111, Santa Monica, CA 90401
   d. Telephone No. *(include area code):* 424-280-4474
3. The party making this substitution is a ☐ plaintiff ☐ defendant ☑ petitioner ☐ respondent ☐ other *(specify):*

***NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- **Guardian**
- **Conservator**
- **Trustee**
- **Personal Representative**
- **Probate fiduciary**
- **Corporation**
- **Guardian ad litem**
- **Unincorporated association**

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

**NOTICE TO PARTIES WITHOUT ATTORNEYS**

**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

4. I consent to this substitution.
Date: November 3, 2017
Maha Visconti ▶ [signature]
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
Date: November 2, 2017
Maha Visconti ▶
(TYPE OR PRINT NAME) (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
Date: November 3, 2017
A. Gregory Pinto ▶ [signature]
(TYPE OR PRINT NAME) (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)



Scanned by CamScanner

MC-050

| CASE NAME: In re Marriage of Visconti, Maha and John | CASE NUMBER: BD451399 |
|---|---|

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An unsigned copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*:

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: (2) Place of mailing *(city and state)*:

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME) (SIGNATURE)

**NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED**

4. a. Name of person served:
   b. Address *(number, street, city, and ZIP)*:

   c. Name of person served:
   d. Address *(number, street, city, and ZIP)*:

   e. Name of person served:
   f. Address *(number, street, city, and ZIP)*:

   g. Name of person served:
   h. Address *(number, street, city, and ZIP)*:

   i. Name of person served:
   j. Address *(number, street, city, and ZIP)*:

☐ List of names and addresses continued in attachment.



Scanned by CamScanner

# EXHIBIT C

LAW OFFICE OF
GREG PINTO

GREG PINTO | PRINCIPAL ATTORNEY

1410 5TH STREET, SUITE 111, SANTA MONICA, CALIFORNIA

TELEPHONE: 424.280.4474
FAX: 424.316.3113
GPINTO@LALAWNET.COM

**FEE AGREEMENT**

The undersigned does employ and retain the LAW OFFICE OF GREG PINTO (hereinafter referred to as "Attorneys") to represent her interests in attempting to resolve issues regarding the IRS Tax Levy and case pending in Tax Court (Docket No. 27413-15), arising from alleged underpayment of taxes or underreporting of income related to Client's sale of the home at 1140 Calle Vista in Beverly Hills, California 90210. The Attorneys' fees for said services will be a contingent fee.

The Attorneys are hereby authorized and directed to take whatever actions as are in their discretion necessary to resolve this matter, including the employment of investigators and other experts or consultants whose fees shall be chargeable as advanced costs. Associate counsel may be employed at the discretion and expense of the Attorneys. Client agrees to be truthful with Attorneys, cooperate with Attorneys, and assist Attorneys with preparing the case as Attorneys request.

That unless otherwise compelled by law, attorneys' fees shall be the full amount of any/all interest payment(s) that may be paid to, or received by Client from or through any department or agency of the United States Government relating to any determined overpayment or the return of any principal amount of money to her from that which has been levied. This fee has been negotiated between the Client(s) and Attorneys and is not set by law.

Client is aware that the actions contemplated herein may result in the additional award of attorneys' fees ordered by the court. In such event, Attorneys shall have the option to either (a) retain all fees and expenses so awarded or obtained in lieu of their contingency percentage; (b) retain their contingency percentage; or (c) add the court-ordered attorneys' fees to the gross amount recovered and retain their contingency percentage from that total amount.

Attorneys will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs, disbursements and expenses paid or owed by Client regarding this matter, or which have been advanced by Attorneys on Client's behalf and which have not been previously paid or reimbursed to Attorneys. Costs advanced are repayable by the Client upon demand by Attorneys. **If an offer is made to Client, and Attorneys recommends that Client accept the offer, but Client refuses to take the offer, then costs incurred after such offer shall be advanced by Client from then on.** Costs, disbursements and litigation expenses commonly include court fees, jury fees, service of process charges, reporters' fees, document reproduction costs, computer research costs, messenger and delivery fees, postage, travel costs including meals and hotels, investigation expenses, consultant, expert witness, professional mediator, arbitrator and/or special master fees. Client agrees that Attorneys may borrow funds from time to time to pay certain costs referred to above and agrees that, in addition to reimbursing Attorneys for the amount of such costs, Client will also reimburse Attorneys for any interest and service charges Attorneys incur in connection with such borrowings. Except for the items listed below, costs and expenses will be charged at Attorney's cost.

| | |
|---|---|
| In-office photocopying: | $0.10/page |
| Mileage: | $.50/mile |

Additionally, Client understands that if Client's case proceeds to court action or arbitration, Client may be required to pay fees and/or costs to other parties in the action. Any such award will be entirely the responsibility of Client.

This agreement covers all legal services rendered through trial and post-trial motions, but does not cover Attorneys' fees or costs for retrial, appeal or collection of judgment should that become necessary.

Attorneys maintain errors and omissions insurance coverage applicable to the services to be rendered.

Power to Execute Documents: No settlement shall be made by the undersigned except by and through the Attorneys. No settlement shall be made by the Attorneys without the signature of the undersigned on a release or disbursement statement. If Client disappears and Attorney is unable to locate Client despite diligent efforts, Client authorizes Attorneys to settle the case on Client's behalf. Client further gives Attorneys the power and authority to execute any and all pleadings, claims, contracts, settlements, drafts, checks, compromises, releases, dismissals, deposits, orders and other papers which Client could properly execute, and to receive in the name and stead of Client any moneys or other things of value which may properly be payable or deliverable to Client on account of any judgment recovered or any settlement agreed to in connection with the claims described herein.

In the case of Client's death during representation, Client hereby grants Attorneys Power of Attorney to settle the case and execute documents on behalf of Client.

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

After Attorneys' services conclude, upon request, Client may arrange to pick up Client's file and property from Attorneys. Should Client fail to exercise this option, Client authorizes Attorneys to retain or destroy the file and property, at Attorneys' option.

The Attorneys have made no guarantees regarding the outcome of this case. Attorneys shall not compromise or settle any portion of the claims described herein without first obtaining Client's consent. The Attorneys or Client may terminate this representation at any time with reasonable notice.

LAW OFFICE OF
GREG PINTO



DATED: 12. 12. 2017 CLIENT: MAHA VISCONTI

DATED: October 19, 2017 ATTORNEY: GREG PINTO

# EXHIBIT D

**UNITED STATES TAX COURT**

MAHA VISCONTI, )
)
Petitioner, )
)
v. ) Docket No. 27413-15
)
COMMISSIONER OF INTERNAL REVENUE, )
)
Respondent. )

**DECISION**

Pursuant to the stipulation of the parties in this case, and incorporating herein the facts stipulated by the parties as the findings of the Court, it is

ORDERED AND DECIDED: That there is a deficiency in income tax due from petitioner for the taxable year 2014 in the amount of $401,144.00, without taking into account the termination assessment made prior to the mailing of the notice of deficiency on June 27, 2014, and that there is an overpayment in income tax due to petitioner for the taxable year 2014 in the amount of $479,371.00, which amount was paid on August 25, 2014, and for which amount a claim for refund could have been filed, under the provisions of I.R.C. § 6511(b)(2) on June 3, 2015, the date of the mailing of the notice of deficiency; and

That there is no additions to tax due from petitioner for the taxable year 2014, under the provisions of I.R.C. §§ 6651(a)(1), 6651(a)(2), and 6654.

Judge.

Entered:

* * * * *

It is hereby stipulated that the Court may enter the foregoing decision in this case in accordance with the stipulation of the parties submitted herewith.

It is further stipulated that interest will be credited or paid as provided by law on any overpayment in tax due to petitioners.

It is further stipulated that, effective upon the entry of this decision by the Court, petitioner waives the restrictions contained in I.R.C. § 6213(a) prohibiting assessment of the deficiency (plus statutory interest) until the decision of the Tax Court becomes final.

DRITA TONUZI
Deputy Chief Counsel (Operations)
Internal Revenue Service

_______________________
MAHA VISCONTI
Petitioner
107 E. West Street
Alexandria, Virginia 22314
Telephone: (202) 531-4419

By: _______________________
TIMOTHY B. HEAVNER
Associate Area Counsel
(Small Business Self-Employed)
Tax Court Bar No. [illegible]
400 N. 8th Street
Suite [illegible], Mailbox [illegible]
Richmond, VA [illegible]
Telephone: (804) [illegible]

Date: 2/16/18

Date: _______________________

# EXHIBIT E

PO BOX 305183
NASHVILLE TN 37230-5183

[redacted]

SUNTRUST

ACCOUNT

STATEMENT

TRANSACTION HISTORY

| DATE | CHECK # | TRANSACTION DESCRIPTION DETAILS | DEPOSITS/ CREDITS | WITHDRAWALS/ DEBITS | CURRENT BALANCE |
|---|---|---|---|---|---|
| 03/19 | | [redacted]M SAV 6525 CONFIRM NBR [redacted] | [redacted] | | |
| 03/19 | | T[redacted]FROM MMA 0844 CONFIRM NBR [redacted]B | [redacted] | | |
| 03/19 | | CH[redacted]CHASE[redacted]7 BU[redacted]LLSCA | | [redacted] | |
| 03/19 | | [redacted]8 P[redacted] HI[redacted] | | [redacted] | |
| 03/19 | | [redacted]UND | 3.50 | | |
| 03/19 | | [redacted]R [redacted] | | [redacted] | |
| 03/19 | | [redacted] | | [redacted] | [redacted] |
| 03/20 | | CH[redacted]3/19 [redacted]ICA CA | 11.01 | | |
| 03/20 | | CHECK CARD PURCHASE TR DATE 03/17 [redacted] HILLSCA | | [redacted] | |
| 03/20 | | [redacted] | | [redacted] | [redacted] |
| 03/21 | | C[redacted]RCHASE TR DATE 03/19 [redacted]OM 20001 SANAT MONICA CA | | [redacted] | |
| 03/21 | | [redacted] DEBIT TR DATE 03/20 [redacted]5 SANTA MONICA CA [redacted] | | [redacted] | |
| 03/21 | | [redacted]DRAWAL TR DATE 03/20 [redacted]NTA MONICA CA 0000A239 | | [redacted] | [redacted]6 |
| 03/22 | | [redacted]BIT TR DATE 03/21 [redacted]TA MONICA CA 05008801 | | [redacted] | [redacted] |
| 03/23 | | OUTGOING FEDWIRE DR TRN #007068 | | 106,000.00 | |
| 03/23 | | OUTGOING FEDWIRE TRANSFER FEE TRN #007068 | | 25.00 | [redacted] |
| 03/26 | | T[redacted]FER FROM MMA 0844 C[redacted]1018M1K2M80 | [redacted] | | |
| 03/26 | | A[redacted]AWAL TR DATE 03/23 C[redacted]OS ANGELES CA 480473 | | [redacted] | |
| 03/26 | | AT[redacted]FUND | 3.00 | | |
| 03/26 | | C[redacted]TR DATE 03/23 [redacted] ANGELES CA | | [redacted] | |
| 03/26 | | CH[redacted]SE TR DATE 03/23 P[redacted] MONICA CA | | [redacted] | |
| 03/26 | | R[redacted]R DATE 03/23 [redacted] CA [redacted] | | [redacted]2 | |
| 03/26 | | P[redacted]/23 [redacted] 315 SANTA MONICA CA [redacted]36 | | [redacted]4 | |
| 03/26 | | T[redacted]/23 [redacted] D0590036 | | 4[redacted] | |
| 03/26 | | [redacted]/23 [redacted] MONICA [redacted] | | [redacted] | |

MEMBER FDIC

CONTINUED ON NEXT PAGE

# RECEIPT
## Recipient Transfer
**Reference Number 20180323-00007068**

**Branch** 4430391 STB BUCKINGHAM
**Payment Amount** 106,000.00 USD **Rate** **Contract Number**
**Debit Amount** 106,000.00 USD **Charge Party** None

**Send Date** 23MAR2018 **Value Date** 23MAR2018 **Time:** 11:08

**Consumer X-Border** Not D-F

## Debit Party
D/1000194404488
MAHA LALA VISCONTI
2568 MILITARY AVE
LOS ANGELES CA 90064-1932

## Recipient
Is Recipient a Bank? No
/153495467513
PENDRAGON NORTH AMERICA AUTOMOTIVE
SANTA MONICA, CALIFORNIA

## Recipient's Bank
A/122235821
US BANK, NA
SAN DIEGO, CA

## Bank to Bank Information

## Originator to Recipient Information
WIRE FOR VEHICLE
VIN# SALWR2RE2JA182234

Range Rover receipt Proof of payment by Maha Visconti on 3/23/2018

RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

Dealer Number 5781/0287 Contract Number 83279 R.O.S. Number 41668635 Stock Number R10457
DATE: 03/23/2018 CONTROL # 1018661 Salesperson: DONAVON WARREN

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| ALBERT GREGORY PINTO<br>1410 5TH ST #111<br>SANTA MONICA, CA 90401<br>LOS ANGELES | MAHA VISCONTI<br>1410 5TH ST #111<br>SANTA MONICA, CA 90401<br>LOS ANGELES | HORNBURG JAGUAR/LAND ROVER<br>9176 SUNSET BLVD<br>LOS ANGELES, CA 90069 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2018 | LAND ROVER RR SPORT SC | 56 | SALWR2RE2JA182234 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 105000.00 (e) |
|---|---|---|---|---|
| 0.00 % | $ 0.00 (e) | $ 713.58 (e) | $ 713.58 (e) | $ 105713.58 (e) |

(e) means an estimate

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 1 | 713.58 | Monthly beginning 03/24/2018 |
| N/A | N/A | N/A |
| One final payment | N/A | N/A |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

## STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

### Vehicle Insurance

| | | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | | N/A Mos. | $ N/A |
| Bodily Injury | $ N/A Limits | N/A Mos. | $ N/A |
| Property Damage | $ N/A Limits | N/A Mos. | $ N/A |
| Medical | N/A | N/A Mos. | $ N/A |
| | N/A | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | | $ N/A |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X [signature] ALBERT G. PINTO
Co-Buyer X [signature] MAHA VISCONTI
Seller X [signature] HORNBURG JAGUAR/LAND ROVER

OPTIONAL DEBT CANCELLATION AGREEMENT. A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. N/A Debt Cancellation Agreement

I want to buy a debt cancellation agreement.

Buyer Signs X [signature]

## ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories $ 95850.00 (A)
      1. Cash Price Vehicle $ 95850.00
      2. Cash Price Accessories $ N/A
      3. Other (Nontaxable)
         Describe N/A $ N/A
         Describe N/A $ N/A
   B. Document Processing Charge (not a governmental fee) $ 80.00 (B)
   C. Emissions Testing Charge (not a governmental fee) $ N/A (C)
   D. (Optional) Theft Deterrent Device(s)
      1. (paid to) N/A $ N/A (D1)
      2. (paid to) N/A $ N/A (D2)
      3. (paid to) N/A $ N/A (D3)
   E. (Optional) Surface Protection Product(s)
      1. (paid to) N/A $ N/A (E1)
      2. (paid to) N/A $ N/A (E2)
   F. EV Charging Station (paid to) N/A $ N/A (F)
   G. Sales Tax (on taxable items in A through F) $ 9832.83 (G)
   H. Electronic Vehicle Registration or Transfer Charge EVSC $ 29.00 (H)

OPTIONAL SERVICE CONTRACT(S) You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1I.

I1 Company N/A
Term N/A Mos. or N/A Miles
I2 Company N/A
Term N/A Mos. or N/A Miles
I3 Company N/A
Term N/A Mos. or N/A Miles
I4 Company N/A
Term N/A Mos. or N/A Miles
I5 Company N/A
Term N/A Mos. or N/A Miles

Buyer X [signature]

G. Sales Tax (on taxable items in A through F) $ ____ (G)

H. Electronic Vehicle Registration or Transfer Charge MVSC (not a governmental fee) (paid to) $ 29.00 (H)

I. (Optional) Service Contract(s) N/A

1. (paid to) N/A $ N/A (I1)
2. (paid to) N/A $ N/A (I2)
3. (paid to) N/A $ N/A (I3)
4. (paid to) N/A $ N/A (I4)
5. (paid to) N/A $ N/A (I5)

J. Prior Credit or Lease Balance (e) paid by Seller to Vehicle 1 N/A Vehicle 2 N/A $ N/A (J) (see downpayment and trade-in calculation)

K. (Optional) Debt Cancellation Agreement $ N/A (K)

L. (Optional) Used Vehicle Contract Cancellation Option Agreement $ N/A (L)

M. Other (paid to) N/A For N/A $ N/A (M)

N. Other (paid to) N/A For N/A $ N/A (N)

Total Cash Price (A through N) $ 105791.83 (1)

2. Amounts Paid to Public Officials

A. Vehicle License Fees Estimated $ 623.00 (A)

B. Registration/Transfer/Titling Fees Estimated $ 290.00 (B)

C. California Tire Fees $ 8.75 (C)

D. Other N/A $ 0.00 (D)

Total Official Fees (A through D) $ 921.75 (2)

3. Amount Paid to Insurance Companies (Total premiums from Statement of Insurance) N/A $ 0.00 (3)

4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee $ ____ (4)

5. Subtotal (1 through 4) $ 106713.58 (5)

6. Total Downpayment

A. Total Agreed Value of Property Being Traded-in (see Trade-In Vehicle(s)): Vehicle 1 $ N/A Vehicle 2 $ N/A $ N/A (A)

B. Total Less Prior Credit or Lease Balance (e) Vehicle 1 $ N/A Vehicle 2 $ N/A $ N/A (B)

C. Total Net Trade-In (A-B) (indicate if negative number) Vehicle 1 $ N/A Vehicle 2 $ N/A $ N/A (C)

D. Deferred Downpayment Payable to Seller $ N/A (D)

E. Manufacturer's Rebate N/A $ N/A (E)

F. Other $ N/A (F)

G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card $ 106000.00 (G)

Total Downpayment (C through G) $ 106000.00 (6)

(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above)

7. Amount Financed (5 less 6) $ 713.58 (7)

N/A Mos. or N/A Miles

Buyer X ____

**Trade-In Vehicle(s)**

1. Vehicle 1

Year N/A Make N/A
Model N/A Odometer N/A
VIN N/A

a. Agreed Value of Property $ N/A
b. Buyer/Co-Buyer Retained Trade Equity $ N/A
c. Agreed Value of Property Being Traded-in (a–b) $ N/A
d. Prior Credit or Lease Balance $ N/A
e. Net Trade-In (c–d) (must be ≥ 0 for buyer/co-buyer to retain equity) $ N/A

2. Vehicle 2

Year N/A Make N/A
Model N/A Odometer N/A
VIN N/A

a. Agreed Value of Property $ N/A
b. Buyer/Co-Buyer Retained Trade Equity $ N/A
c. Agreed Value of Property Being Traded-in (a–b) $ N/A
d. Prior Credit or Lease Balance $ N/A
e. Net Trade-In (c–d) (must be ≥ 0 for buyer/co-buyer to retain equity) $ N/A

Total Agreed Value of Property Being Traded-in (1c+2c) $ N/A
Total Prior Credit or Lease Balance (1d+2d) $ N/A
Total Net Trade-In (1e+2e) $ N/A

(*See item 6A-6C in the Itemization of Amount Financed)

OPTION: ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A N/A, Year N/A
SELLER'S INITIALS ____

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X ____
Co-Buyer Signs X ____

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

Buyer Signature X ____ Co-Buyer Signature X ____

**AUTO BROKER FEE DISCLOSURE**

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: N/A

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X ____ Co-Buyer Signs X ____

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X ____ Co-Buyer X ____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING:

YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked: ☐ Name of autobroker receiving fee, if applicable: N/A

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X ______ Co-Buyer Signs X ______

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X ______ [redacted] X ______

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING:

YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X ______ [redacted] ______

N/A

**Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.**

If you have a complaint concerning this sale, you should try to resolve it with the seller.

Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.

After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X ______ Co-Buyer Signature X ______

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**

California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X ______ Date 03/23/18 Co-[redacted] X ______ Date 03/23/18

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

N/A N/A

Other Owner Signature X ______ Address ______

GUARANTY: To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing. Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

N/A N/A

Guarantor X N/A ______ Date ______ Guarantor X N/A ______ Date ______

Address ______ Address ______

Seller Signs HORNBURG JAGUAR/LAND ROVER / Date 03/23/18 By X ______ Title MANAGER

CARSON

LAW FORM NO. 553-CA-ARB (REV. 7/16)

©2016 The Reynolds and Reynolds Company TO ORDER: [illegible]

THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

ORIGINAL LIENHOLDER

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**

   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Seller-Creditor may receive part of the Finance Charge.

   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

2. **YOUR OTHER PROMISES TO US**

   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

   **GAP LIABILITY NOTICE**
   In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional debt cancellation agreement for coverage of the gap amount may be offered for an additional charge.

   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

   c. **Security Interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods put on it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service, or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

   This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we

   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
   We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law, until you pay.

   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   **If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

5. **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
   **Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

6. **SERVICING AND COLLECTION CONTACTS**
   You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. **You agree that you will within a reasonable time notify us of any change in your name, address, or employment.**

7. **APPLICABLE LAW**
   Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

8. **WARRANTIES OF BUYER**
   You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit

d. **Insurance you must have on the vehicle.** You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.

Default means:

- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, damaged or destroyed, or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

application for credit and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**CREDIT DISABILITY INSURANCE NOTICE**
**CLAIM PROCEDURE**

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

**Seller's Right to Cancel**

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take some time for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS** [illegible]

repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

**ARBITRATION PROVISION**

**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Seller assigns its interest in this contract to (Assignee) under the terms of Seller's agreement(s) with Assignee

☐ Assigned with recourse ☐ Assigned without recourse ☐ Assigned with limited recourse

Seller By Title

Form No. 553-CA-ARB 7/16

**RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)**

DMV
A Public Service Agency

# APPLICATION FOR REGISTRATION OF NEW VEHICLE

FOR DEPARTMENT USE ONLY — CASHIER DATE LINE STAMP

41668639

| | | | | | |
|---|---|---|---|---|---|
| DATE FIRST SOLD AS A NEW VEHICLE (MM/DD/YYYY) 03/23/2018 | | DATE FIRST OPERATED (MM/DD/YYYY) 03/23/2018 | | | NRM/IND |
| MAKE LAND ROVER | YEAR MODEL 2018 | BODY TYPE UT | MOTIVE POWER GAS | NUMBER OF AXLES 2 | UNLADEN WEIGHT |
| VEHICLE IDENTIFICATION NUMBER SALWR2RE2JA182234 | M/C ENGINE NUMBER OR ADDITIONAL IDENTIFICATION NUMBER | | | OHV/MOTORCYCLE DEALERS ONLY ☐ On-Highway ☒ Off-Highway | |
| FOR CAMP TRAILERS AND TRAILER COACHES | LENGTH IN INCHES | | WIDTH IN INCHES | GVWR (PICKUPS ONLY) | COUNTY OF RESIDENCE LOS ANGELES |
| SOLD TO: PRINT TRUE FULL NAME AS IT APPEARS ON THE DRIVER LICENSE OR ID CARD IN THE ORDER SHOWN BELOW (1) PINTO, ALBERT GREGORY | | | | EQUIPMENT NUMBER | DRIVER LICENSE/ID CARD NO C0627172 |
| ☐ AND ☒ OR (2) VISCONTI, MAHA (LAST / FIRST / MIDDLE / SUFFIX) | | | | | DRIVER LICENSE/ID CARD NO D3488199 |
| BUSINESS OR RESIDENCE ADDRESS 1410 5TH ST #111 | | APT/STE NO | CITY SANTA MONICA | | STATE CA / ZIP CODE 90401 |
| MAILING ADDRESS—IF DIFFERENT FROM ABOVE (OR LOCATION IF TRAILER COACH) | | APT/STE NO | CITY | | STATE / ZIP CODE |
| LIENHOLDER OR LEGAL OWNER—PRINT TRUE FULL NAME (IF NONE, MUST PRINT "NONE" AND INITIAL) NONE | | | | | ELECTRONIC LIENHOLDER ID # ELT# |
| BUSINESS OR RESIDENCE ADDRESS | | APT/STE NO | CITY | | STATE / ZIP CODE |
| LESSEE ADDRESS—REQUIRED WHEN DIFFERENT FROM REGISTERED OWNER ABOVE | | APT/STE NO | CITY | | STATE / ZIP CODE |

If a passenger vehicle, will it be used for hire or to provide a service of transporting passengers in conjunction with a business?
☐ Yes XX No

**APPLICANT'S CERTIFICATION:** *I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| DATE | BUYERS SIGNATURE(S) | |
|---|---|---|
| 03/23/18 | (1) X [signature] | (2) X [signature] |

**CERTIFICATE OF COST**—The dealer signing this certification certifies under penalty of perjury under the laws of the State of California that the cost of the vehicle entered in the Certificate of Cost includes the cost of any equipment that is physically attached to the vehicle, plus any trade-in allowances (exclude state or local taxes, insurance and finance charges).

Deal #83279, Stock #R10457

| | DATE PURCHASED/ACQUIRED | COST |
|---|---|---|
| A — Cost of vehicle purchased as a: XX Complete vehicle ☐ Chassis only ☐ Cab and chassis | 03/23/18 | 95850.00 |
| B — Cost of trailer coach including all permanently attached items (wall to wall carpeting, factory air conditioning, built-in appliances, etc.) WARREN, D. S737212 | | |

Ctrl #1018661

**ODOMETER DISCLOSURE STATEMENT** DMV Fee $913.00

Federal and state law requires that you state the mileage upon transfer of ownership. Failure to complete or making a false statement may result in fines and/or imprisonment.

The odometer reading is ☐☐☐☐☐5 6 (no tenths) miles, and to the best of my knowledge reflects the ACTUAL mileage *unless one of the following statements is checked.*

WARNING — ☐ Is NOT the actual mileage ☐ Mileage EXCEEDS the odometer mechanical limits.

DEALER'S NUMBER 52829

***I/we certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

| DATE | SIGNATURE OF SELLER OR COMPANY AGENT | HAND PRINTED SELLER'S FULL NAME/COMPANY AGENT | ADDRESS |
|---|---|---|---|
| 03/23/18 | [signature] | HORNBURG JAGUAR/LAND ROVER | 9176 SUNSET BLVD LOS ANGELES, CA 90069 |
| DATE | SIGNATURE OF BUYER OR COMPANY AGENT | HAND PRINTED BUYER'S FULL NAME/COMPANY AGENT | ADDRESS |
| 03/23/18 | [signature] | Albert Gregory Pinto | 1410 5TH ST #111 SANTA MONICA, CA 90401 |

REG 397 (REV 11 2011) /CADT1001

– DMV copy –

# EXHIBIT F



# EXHIBIT G


iPhone



# EXHIBIT H

# AGREEMENT FOR ANNULMENT OF MARRIAGE

This Agreement is hereby entered into by and between Albert Gregory Pinto ("ALBERT") and Maria Visconti ("MAHA") as of the date stated below. ALBERT and MAHA are collectively referred to herein as "The Parties."

This Agreement is based upon the following facts which both ALBERT and MAHA agree are true and correct and that neither ALBERT nor MAHA will contest in any proceeding for annulment:

1. ALBERT and MAHA were married in Beverly Hills, California on April 24, 2018.

2. On the date of their marriage, at ALBERT's request, the Parties traveled to the Beverly Hills Courthouse. MAHA was under the belief that the Parties were going to the Beverly Hills Courthouse solely to obtain a marriage license or marriage authorization permit. MAHA was under the belief that such a document would grant the Parties permission to be married within the next 90 days if MAHA decided to actually proceed with the marriage to ALBERT. At the time, MAHA had not made the final decision to marry ALBERT.

3. Prior to arriving at the Beverly Hills Courthouse, the Parties had lunch together and MAHA consumed several glasses of alcohol (sake), causing her to become intoxicated. MAHA has little memory of the events after lunch, including the events that took place at the Beverly Hills Courthouse resulting in the Parties' marriage.

4. It was never MAHA's intention to get married on April 24, 2018.

5. The Parties never had a marriage ceremony nor reception.

6. The Parties never established a marital residence together. After the date of marriage, MAHA remained residing at her residence located at 2568 Military Avenue, Los Angeles, California 90064. After the date of marriage, ALBERT remained residing at 1405 5th Street, Santa Monica, California.

7. On the date and at the time that the Parties were married, due to her intoxication, MAHA was not of sound mind and was unable to understand or appreciate the nature of the marriage and the duties and obligations that came with it. MAHA has no memory of what transpired at the Beverly Hills Courthouse on that date. Further, prior to appearing at the Beverly Hills Courthouse, it **WAS NOT** MAHA's intention to get married to ALBERT on that date. MAHA was still undecided as to whether she was going to marry ALBERT.

8. This Agreement may be used in any Court of Law or Recorder's Office to effectuate an annulment.

Based upon the above facts, which neither Party contests, the Parties jointly request that the marriage between ALBERT and MAHA be annulled by a Court of proper jurisdiction in Los Angeles, California, and that the Parties be returned to their "single" marital status.

Dated: February 23, ~~2018~~ 2019

Mahalt

Scanned by CamScanner

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Los Angeles

On [illegible] before me A. G. Carrion, Jr Notary Public
(insert name and title of the officer)

personally appeared [illegible handwriting]
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature [signature] (Seal)

Scanned by CamScanner

EXHIBIT
"C"

ANSWER TO CROSS-Complaint

Electronically FILED by Superior Court of California, County of Los Angeles on 01/04/2023 09:16 AM David W. Slayton, Executive Officer/Clerk of Court, by I. Valencia, Deputy Clerk

CUMMINS & WHITE, LLP
Eric M. Khodadian (Bar No. 288146)
E-mail:ekhodadian@cwlawyers.com
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764
Telephone: (949) 852-1800
Fax: (949) 852-8510

Attorneys for Plaintiff
ALBERT GREGORY PINTO

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES, SANTA MONICA COURTHOUSE

| | |
|---|---|
| ALBERT GREGORY PINTO,<br><br>Plaintiff,<br><br>vs.<br><br>MAHA VISCONTI and DOES 1 through 25, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION | CASE NO.: 21STCV25467<br><br>**ANSWER TO CROSS-COMPLAINT**<br><br>ASSIGNED FOR ALL PURPOSES TO THE HONORABLE ELAINE MANDEL, DEPARTMENT: P<br><br>Complaint Filed: 7/12/21 |

Plaintiff/Cross-Defendant Albert Gregory Pinto ("Pinto") answers the cross-complaint ("Cross-Complaint") by Defendant/Cross-Complainant Maha Visctonti ("Visconti") as follows:

**GENERAL DENIAL**

1. Pursuant to Code of Civil Procedure Section 431.30, Pinto denies generally and specifically each and every allegation in the Cross-Complaint.

**FIRST AFFIRMATIVE DEFENSE**

(Comparative Negligence)

2. The damages sustained by Visconti, if any, were proximately caused or contributed to by Visconti's own negligence, in that the Visconti failed to exercise ordinary care under the circumstances then existing. Consequently, Visconti's right to recover should be diminished by her proportionate share of fault.

**SECOND AFFIRMATIVE DEFENSE**

(Superseding/Intervening Cause)

3. The damages sustained by Visconti, if any, were proximately caused by the acts, omissions, negligence, fraud and/or breach of obligations by persons other than Pinto and beyond Pinto's supervision and control, which bars and/or diminishes Visconti's recovery, if any, against Pinto.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Exercise Reasonable Care)

4. Visconti failed to exercise reasonable care and diligence to avoid loss and to minimize the damages, if any, which she suffered.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

5. Visconti failed to mitigate her damages.

**FIFTH AFFIRMATIVE DEFENSE**

(Estoppel)

6. Visconti is estopped from asserting any rights that she may have against Pinto.

**SIXTH AFFIRMATIVE DEFENSE**

(Waiver)

7. Visconti knowingly waived, by verbal expressions or conduct, any known rights, which she may have had against Pinto.

**SEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

8. Any and all claims against Pinto are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

(Lack of Joinder)

9. Visconti failed to join all necessary persons for a full and just adjudication of the purported causes of action asserted.

**NINTH AFFIRMATIVE DEFENSE**

(Good Faith)

10. Pinto and his agents acted reasonably and in good faith at all material times herein based on all relevant facts and circumstances known by them at the time they acted. Accordingly, Visconti barred from any recovery in this action.

**TENTH AFFIRMATIVE DEFENSE**

(Pro Ration)

11. Pinto alleges that liability, if any, for non-economic loss be pro-rated according to the provisions of California Civil Code §1431.2(a).

**ELEVENTH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

12. Visconti knew, appreciated, and understood each and every risk involved in placing Visconti in the position that she then assumed and willingly, knowingly, and voluntarily assumed each of such risks.

**TWELFTH AFFIRMATIVE DEFENSE**

(Lack of Knowledge)

13. Pinto did not have any knowledge of any peculiar susceptibility of Visconti to damage or injury.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Unavoidable Incident)

14. The damages sustained by Visconti, if any, were the result of an unavoidable accident insofar as Pinto is concerned and occurred without any negligence, want of care, default, or other breach of duty to Visconti.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Act of God)

15. The damages or injuries complained of by Visconti, if any, were the result of no human intervention, but were caused solely by a natural cause, which no one could reasonably be expected to anticipate and whose effects could not be prevented or controlled by the exercise of prudence, diligence, and care.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Lack of Duty)

16. Pinto owed Visconti no duty of care.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Consent)

17. Visconti consented to the alleged wrongful conduct, if any, by Pinto.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Self-Defense and/or Defense of Others)

18. The alleged wrongful conduct, if any, by Pinto was only carried out in self-defense and/or in the legal defense of others as a result of conduct by Visconti and/or third parties.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Lack of Foreseeability)

19. The damage/injury to Visconti, if any, did not occur in a way that was reasonably

foreseeable as a consequence of the alleged action or inaction by Pinto.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Laches)

20. Visconti is barred by the doctrine of laches from asserting any rights that she may have against Pinto.

**TWENTIETH AFFIRMATIVE DEFENSE**

(No Substantial Factor)

21. The conduct alleged as to Pinto, if there was any, was not a substantial factor in bringing about the alleged injuries and therefore was not a contributing cause.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Set Off)

22. Visconti's claims are subject to set-off, including but not limited to a set-off of any and all amounts received by Visconti from any known, or unknown tortfeasor who has settled with Visconti and paid sums of money compensating Visconti for the damages and injuries resulting from the events giving rise to this action, if any; and to set-off based on Visconti's own breach of contract and/or tortuous conduct toward Pinto.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Res Judicata)

23. Visconti's claims are barred by the doctrine of res judicata.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Collateral Estoppel)

24. Visconti's claims are barred by the doctrine of collateral estoppel.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

25. Visconti lacks standing to sue.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Real Parties in Interest)

26. Visconti not the real party in interest.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Settlement)

27. The matters alleged are encompassed within and barred by a settlement and release agreement reached by the parties that operates as a merger and bar against any further litigation on matters raised or potentially raised in connection with the settlement and release.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Unconscionability)

28. No relief may be obtained under the Cross-Complaint by reason of the statutory and common law prohibitions on, the prohibition on receipt of benefits accruing through unconscionable conduct, and the unconscionability of Visconti's acts and claims.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Unjust enrichment)

29. Visconti would be unjustly enriched if allowed to recover on this Cross-Complaint.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

30. Each cause of action in the Cross-Complaint fails to state facts sufficient to state a claim and/or cause of action against Pinto.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Privilege)

31. Pinto's alleged conduct is protected by the attorney-client privilege, the business judgment rule, litigation privilege, free speech, and/or any other applicable privilege or right of Pinto.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Constitutional Right)

32. Pinto's alleged wrongful conduct is protected by his constitutional rights of free speech and/or privacy, any/or those found under the California Victim's Bill of Rights, among others.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

33. Each cause of action and/or claim listed and alleged in the Cross-Complaint is barred by the applicable statutes of limitations, including, but not limited to, the provisions Code of Civil Procedure sections 335.1, 337, 338, 339, 340, 340.6, 340.15, and/or 343.

**WHEREFORE**, Pinto prays for judgment as follows:

1. That Visconti take nothing by this Cross-Complaint;
2. That the Cross-Complaint be dismissed;
3. That Pinto have judgment entered in his favor;
4. Attorney fees;
5. Costs of suit; and
6. For such other and further relief as the court may deem just and proper.

Dated: January 4, 2023

CUMMINS & WHITE, LLP

By: ______________________

Eric M. Khodadian
Attorneys for Plaintiff
ALBERT GREGORY PINTO

**PROOF OF SERVICE**
**(Declaration)**
**(C.C.P. §§1013(a) and 2015.5)**

STATE OF CALIFORNIA )
) ss.
COUNTY OF ORANGE )

I, the undersigned, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2424 S.E. Bristol Street, Suite 300, Newport Beach, CA 92660-0764.

On January 4, 2023, I served the following document(s) **ANSWER TO CROSS-COMPLAINT** on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

George E. Murphy, Esq.
Law Offices of George Murphy
5966 Ruthwood Drive
Calabasas, CA 91302
gemstoy@yahoo.com
(919) 880-9188
*Attorney for MAHA VIACONTI (MOQADDEM)*

☑ **By Mail:** I am readily familiar with Cummins & White, LLP's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Newport Beach, California

Executed on January 4, 2023, at Newport Beach, California.

☑ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/ Robin J. Warren*
Robin J. Warren