CUMMINS & WHITE, LLP
Eric M. Khodadian (Bar No. 288146)
E-mail: ekhodadian@cwlawyers.com
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764
Telephone: (949) 852-1800
Fax: (949) 852-8510

Attorneys for Plaintiff
ALBERT GREGORY PINTO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT GREGORY PINTO,<br><br>Plaintiff,<br><br>v.<br><br>MAHA VISCONTI and DOES 1 through 25,<br><br>Defendants. | CASE NO.: 2:25-cv-01454-FMO-BFM<br><br>**NOTICE OF AND MOTION TO REMAND AND FOR MONETARY SANCTIONS FOR FRIVILOUS, VEXATIOUS CONDUCT IN REMOVAL AND FOR FINDING THAT DEFENDANT IS VEXATIOUS LITIGANT IN FEDERAL COURT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Concurrently Filed with Declaration of Eric M. Khodadian; Request for Judicial Notice; and Proposed Order]*<br><br>Date: April 10, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6D |

**TO THE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE** that on April 10, 2025 at 10:00 a.m. in Courtroom 6D, United States Courthouse located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff Albert Gregory Pinto ("Pinto") will and hereby does move this Court for an order remanding this action back to state court (for the third time), for reasonable attorney's fees and costs in the amount of $2,800, and for an order

finding that Defendant Maha Visconti is a vexatious litigant and should be subject to a pre-filing order given that she was previously found a vexatious litigant in California State Court and Federal Bankruptcy Court ("Motion").

This Motion is brought pursuant to 28 U.S.C. §§ 1441(b)(2), 1446(a)-(b), (c)(1) et seq. and on grounds that: 1) this action was previously remanded three times by Federal Courts both by Chief Judge Dolly Gee twice and once by Judge Jia Cobb in Washington, D.C.; 2) the removal was untimely; 3) the notice of removal is defective; 4) there is no diversity of parties since the removing defendant Visconti is a resident of California; and 5) Visconti waived federal jurisdiction by actively litigating the matter in state court for over three years, including by filing a Cross-Complaint, participating in discovery, and by previously removing this exact same action and then requesting that it be remanded back to state court. Finally, since Visconti removed this action for improper purpose of improper delay of the trial of this matter (which has been continued multiple times by Visconti as a result of multiple removals and remands), there was no reasonable basis for the removal warranting an award of Pinto's reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) and a finding that Visconti is a vexatious in Federal Court.

This Motion shall be based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and the concurrently filed supporting Declaration of Eric M. Khodadian and Request for Judicial Notice, the evidence filed concurrently herewith, the pleadings and records and files of this action, and upon such further oral and documentary evidence as may be presented at the time of the hearing on this Motion.

Dated: February 26, 2025

CUMMINS & WHITE, LLP

By: ______________________________
Eric M. Khodadian
Attorneys for Plaintiff
ALBERT GREGORY PINTO

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTOHRITIES .......... 5
CERTIFICATE OF SERVICE .......... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994) ........ 6

*Schmitt v. Insurance Co. of N. Am.*, 845 F.3d 1546, 1548 (9th Cir. 1988) ........ 6

*Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1062 (C.D. Cal. 2014) ........ 7

*Seedman v. U.S. Dist. Ct. for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988) ........ 7

**Statutes**

28 U.S.C.A. § 1447(d) ........ 6

28 U.S.C. §§ 1446(b), (c)(1) ........ 6

28 U.S.C. § 1447(c) ........ 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

This action must be immediately remanded back to State Court (for the fourth time now) so that we can continue the bench trial which was set for a continued trial date of 3/3/2025 where Plaintiff has 9 witnesses subpoenaed and on-call to testify. Khodadian Declaration ("Decl.") at ¶ 2. This is a personal injury action filed by Plaintiff Albert Gregory Pinto ("Pinto" or "Plaintiff") against his ex-wife Defendant Maha Visconti ("Visconti" or "Defendant") and arising from a domestic abuse incident where Visconti assaulted and battered Pinto by striking him in the face, rupturing his left eye and causing blindness.[1]

Federal Courts have already remanded this action back to State Court a total of three times after Defendant's frivolous removals. Chief Judge Dolly Gee previously remanded this action twice. The first was on April 3, 2023. Order, Exh. 1 to Khodadian Decl. at ¶ 2. The second time was on October 10, 2023, when Judge Gee warned Defendant that having already been found to be a vexatious litigant in State Court, Defendant would be sanctioned if she removed the action again. Order, Exh. 2 to Khodadian Decl. at ¶ 2.

On February 3, 2025, which was the day of our trial call in State Court, Defendant Visconti notified the Court that she had removed the action a third time to Federal Court, but this time to Washington, D.C. before Judge Jia Cobb in an attempt to circumvent Judge Gee's prior remand order. Khodadian Decl. at ¶ 3. On February 14, 2025, Washington, D.C. Federal Court Judge Jia Cobb remanded the action again via sua sponte. Order, Exh. 3 to Khodadian Decl. at ¶ 3. The State Court then set a continued trial date for March 3, 2025. Khodadian Decl. at ¶ 3.

And now, for the fourth time, Defendant has removed the action yet again to Federal Court in an attempt to delay the March 3, 2025 trial date. Given that Plaintiff has already spent significant time, money, and resources preparing the prior Motion to

[1] Visconti is currently incarcerated in a prison in Chowchilla, California and is serving a life sentence as a result of the attack on Pinto. See LASC Case No. SA098438.

Remand, which was granted by Chief Judge Dolly Gee and the current removal is brought on identical grounds, Plaintiff hereby incorporates by reference and restates the entirety of the prior Notice of and Motion for Remand with supporting declarations, request for judicial notice, and exhibits re-filed and submitted hereto as Exhibit 4 to the Declaration of Eric M. Khodadian. In that prior Motion, which is re-asserted here, Plaintiff argued that the action should be remanded on multiple grounds.

First, Judge Gee found that removal was untimely in violation of 28 U.S.C. §§ 1446(b), (c)(1). If the removal was untimely a year ago, it is untimely today.

Second, Judge Gee and Judge Cobb both found that the Court lacked subject matter jurisdiction as Defendant is a resident of California and Plaintiff's personal injury claim involves no federal question.

Third, for the sake of argument only, even if there was diversity jurisdiction, Visconti waived federal jurisdiction by actively litigating this case for over three years, filing more than 100 motions, applications, notices, requests, propounding and responding to discovery, filing her own permissive Cross-Complaint (even if it was later struck as frivolous), and by previously removing this action to federal court and then filing a request to remand it back to state court, which clearly shows an intent to litigate in state court. (*E.g. Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994); *Schmitt v. Insurance Co. of N. Am.*, 845 F.3d 1546, 1548 (9th Cir. 1988).)

Fourth, since this action has already been remanded back three times, this Court has no discretion but to remand the action. The Federal Statute governing remand under 28 U.S.C.A. § 1447(d) reads in relevant part that: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C.A. § 1447(d). Federal Courts, citing the remand statute have explained that "a party is not entitled to file a second notice of removal upon the same

grounds where the district court previously remanded the action." *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1062 (C.D. Cal. 2014); *see, e.g., Seedman v. U.S. Dist. Ct. for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case."). This makes sense. Otherwise, vexatious litigants like Ms. Visconti can repeatedly file removal petitions to styme any progress in State Court cases.

Finally, because Ms. Visconti removed the case without any reasonable basis, Mr. Pinto should also be awarded reasonable attorney's fees and costs in the amount of $2,800 for having to spend the time, expense, and resources on remand. 28 U.S.C. § 1447(c); Khodadian Decl. at ¶ 5. Moreover, Defendant Visconti should be found to be a vexatious litigant in Federal Court given that she has already been found to be a vexatious litigant in State Court and Federal Bankruptcy Court and has shown to have acted vexatiously in Federal Court by filing multiple, repeated frivolous removals for the sole purpose of delay, and has filed at least a dozen Federal Court actions throughout the County against Plaintiff, which have nearly all been dismissed.

Therefore, for the reasons stated and as set forth further below, Pinto respectfully requests that the Court issue an order remanding the case back to the state court, where it has been actively litigated for the past three years, where it is awaiting trial with witnesses waiting to be called to testify, award Pinto's reasonably incurred attorney's fees and costs on remand in the amount of $2,800, and a finding that Visconti is a vexatious litigant in Federal Court purposes to prevent ongoing abuse of the Federal Court system.

Dated: February 26, 2025 CUMMINS & WHITE, LLP

By: ______________________________
Eric M. Khodadian
Attorneys for Plaintiff
ALBERT GREGORY PINTO

# CERTIFICATE OF SERVICE

*Maha El Moqaddem (Visconti) v. Albert Gregory Pinto, et al.*
United States District Court, Central District of California
Case No.: 2:23-cv-06078

I, the undersigned, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2424 S.E. Bristol Street, Suite 300, Newport Beach, CA 92660-0764.

On February 26, 2025, I served the following document(s) **NOTICE OF AND MOTION TO REMAND AND FOR MONETARY SANCTIONS FOR FRIVILOUS, VEXATIOUS CONDUCT IN REMOVAL; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

Chowchilla Detention Facility
BK # WH4178, Attn. Maha Visconti
P.O. Box 1501
Chowchilla, CA 93610
*In Pro Per*
*E-Mail: lmviscontifiles2023@gmail.com*

☑ **By Mail:** I am readily familiar with Cummins & White, LLP's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Newport Beach, California

☑ **By E-Mail**: I caused the above-referenced document(s) to be served via e-mail to the attached-named person(s) at their e-mail address(es) of record. The transmission was reported as complete and without error.

Executed on February 26, 2025, at Newport Beach, California.

☑ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

*/s/ Jessica Benson*
Jessica Benson